MRS. LILLIE BOWLES ET AL V. CORRINE S. FICKAS.

No. 7962. Decided January 20, 1943.
(167 S. W., 2d Series, 741.)

*Vickers & Campbell,* of Lubbock, for petitioners.

It was error for the Court of Civil Appeals to hold that the testimony of Mrs. Fickas that she offered to deposit $1,000.00 in the bank on the contract and that the bank refused to accept same, (which testimony was excluded in the trial court) was admissible to excuse her default and also to fix liability against Mrs. Bowles for the difference between the contract price and the trial of the property at the time of trial. Robertson v. Melton, 131 Texas 325, 115 S. W. (2d) 624; Peters v. Strause, 132 S. W. 956; Four State Grocery Co. v. Wickendon, 217 S. W. 1103.

*G. E. Lockhart & W. R. Porter,* of Lubbock, for respondents.

On the proposition that said testimony should have been admitted. Reed v. Hester, 44 S. W. (2d) 1107; McKay v. Tally, 220 S. W. 167; Thraves v. Hooser, 44 S. W. (2d) 916.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This case involves a controversy between Mrs. Lillie Bowles and Mrs. Corinne S. Fickas. The latter, by cross action, seeks a recovery of damages for an alleged breach of contract of sale. The particular subject of the dispute is whether the alleged contract of sale ever came into existence. Upon a trial of the case, a judgment for Mrs. Bowles resulted. Mrs. Fickas appealed and the Court of Civil Appeals affirmed the judgment of the trial court in other respects, but reversed the judgment against Mrs. Fickas in respect to her claim for damages. 158 S. W. (2d) 118.

The material facts are substantially as follows:

Mrs. Fickas resides in Lubbock, Texas, and Mrs. Bowles resides in Los Angles, California. On April 3, 1939, Mrs. Fickas wrote a letter to Mrs. Bowles and, with the letter, enclosed an unsigned form of a contemplated contract of sale between herself and Mrs. Bowles. In the letter Mrs. Fickas said: "If you wish to accept this as drawn please sign the contract in duplicate and send it to the First National Bank of Lubbock with instruction to the bank that they see to it that I put up $1,000.00 with one copy of the contract of which I will sign, and they can then return the other copy to you * * *." In due time this letter, together with the unsigned instrument, was received by Mrs. Bowles. The latter made some material alterations in certain provisions contained in the instrument, and on April 10, 1939, she signed the instrument in duplicate and sent same by mail to The First National Bank of Lubbock. The relevant portion of this instrument reads as follows:

"By this agreement and contract, Mrs. Lillie Bowles hereinafter called seller, hereby sells and agrees to convey unto Corine S. Fickas, hereinafter called Purchaser, the following described property: Lying and situated in the City of Lubbock, Lubbock County, Texas, and being all of Lot No. 18, in Block No. 1, in the Elwood Addition to the City of Lubbock, Texas, the purchase price of $6000.00 payable as follows: $2000.00 cash of which $1000 cash shall be placed in escrow in the First National

Bank of Lubbock together with a copy of this contract until the final closing of this deal when said Purchaser shall pay the balance of the down payment less any taxes now due against the above described property. For the balance of the consideration said Purchaser agrees to execute one first Vendor's lien note in favor of said seller for the sum of Four Thousand Dollars ($4000.00) to be made due and payable on or before three months after date and to bear interest at the rate of 6% per annum."

Enclosed with this instrument, was a letter from Mrs. Bowles to the bank, in which she said:

"I am sending contract of sale between Mrs. Lillie Bowles and Mrs. W. R. Fickas. Please call her and tell her when the contracts gets there so she can sign. After it is signed and she puts up a one thousand dollar forfeit—hold same in your bank till deal is closed, then she will deposit rest of two thousand dollars minus taxes. When contracts are signed return one copy to me."

On April 28th, Mrs. Fickas went to the bank and signed said instrument, but did not deposit the $1,000.00 earnest money. On May 15th, Mrs. Bowles declared the deal off and revoked the authority of the bank. Two days later, Mrs. Fickas deposited in the bank the sum of $1,000.00 as earnest money.

■ Counsel argues that Mrs. Bowles did not have the right to call off the deal and revoke the bank's authority as she did. The theory which underlies this argument is that, upon Mrs. Fickas signing the said instrument as she did, the bank became the holder of the instrument in escrow and, in consequence, became the common agent of both parties. Such a theory utterly disregards the facts. Under the facts as set out above, the thing which the bank was to hold in escrow for the parties was to be a contract. The instrument in question never acquired that character. The instrument remained what it was when it first came to the hands of the bank, namely, the offer or proposal of Mrs. Bowles to be bound by the terms specified in the instrument if Mrs. Fickas, in turn, signed the instrument and deposited the earnest money as prescribed in Mrs. Bowles' letter to the bank. Mrs. Bowles had the absolute right to withdraw the offer at any time before Mrs. Fickas accepted same in the manner prescribed. Since, therefore, no such acceptance had occurred, Mrs. Bowles still retained the right, on May 15th, to

withdraw the offer as she did and thus prevent any contract from arising between her and Mrs. Fickas.

In the main, the views of the Court of Civil Appeals seem to be generally in accord with our views as expressed above, but that court, nevertheless, reversed the trial court's judgment as regards the claim for damages set up by Mrs. Fickas The reversal is grounded on the action of the trial court in excluding from evidence certain testimony of Mrs. Fickas. The excluded testimony is to the effect that on April 29th, Mrs. Fickas tendered to the bank, for deposit, the required amount of earnest money, but the bank refused the tender. The trial court did not err in excluding this testimony for the reason,— if for no other,—that same has no foundation in the pleadings.

The judgment of reversal rendered by the Court of Civil Appeals is reversed and the judgment of the trial court is in all respects affirmed.

Opinion adopted by the Supreme Court January 20, 1943.