R. Darby SUITER, Appellant,

v.

Harriett B. DAVIS, Appellee.

No. 6000.

Court of Civil Appeals of Texas.

Beaumont.

Nov. 3, 1955.

Gerald S. Gordon, Houston, for appellant.

M. J. Atlas, Houston, for appellee.

WALKER, Justice.

Medlin and wife, owners of land and personal property, entered into a written agreement with defendant Suiter whereby they promised to sell and convey the land and personal property to said defendant upon certain performances by him. This agreement contained the following provisions:

"As earnest money Purchaser (that is, the defendant) has this day placed the sum of $500.00 together with a copy of this agreement in escrow with Houston Title Guaranty Co., Houston, Texas. Should the terms of this agreement be carried out

within the time specified, said sum shall be applied to the cash consideration for the conveyance of the above property in accordance with the terms hereof, but should Purchaser fail to consummate this agreement within the time specified herein, for any reason except title defects as would show title in Seller not to be good, Seller shall have the right to said sum as liquidated damages and shall pay to undersigned Agent therefrom one half of said cash deposit, not exceeding, however, the commission agreed to be paid by Seller or Agent as hereinafter provided; or Seller may enforce specific performance of this contract."

"Seller agrees to pay to Talk Realty Co. and Harriett Davis, Agents, a commission of 5% for the sale of the above property."

Neither of the agents named signed the contract and were not named therein except in the provision quoted.

The deposit of earnest money actually had not been made as the provision quoted states, and it never was made. The facts are that on the occasion when he signed the contract, the Defendant drew a check payable to the depositary in escrow named in the provision quoted and delivered this check to Mrs. Medlin, and then later notified this depositary that he would not perform the written agreement with Sellers and instructed said depositary not to accept the check and the contract. According to plaintiff's brief this action must have occurred very soon after the agreement was signed and the check was drawn. The check was not deposited.

Defendant's reason for repudiating his agreement with Sellers was not proved. The Sellers had good title to the property they had agreed to sell.

The plaintiff, Mrs. Davis, is one of the agents named in the provision just quoted and her suit is based upon this provision or on implications to be drawn from it. She prays recovery of one-fourth of the sum which was to have been deposited by defendant. She and the other agent, in collaboration, seem to have brought Sellers and defendant together and the source of her demand is a claim to a commission for her services. However, she was employed by the Sellers, not by defendant.

The cause was tried to the court without a jury, on appeal from the justice court, and judgment was rendered awarding to the plaintiff the sum sued for by her. From this judgment the defendant has appealed. No findings of fact or conclusions of law have been filed but defendant has filed a statement of facts.

## Opinion

■ Point 1 assigns as error that the defendant had the right to withdraw from the agreement with Sellers until he actually made the deposit for the reason that until he did so he had not accepted the Sellers' offer and that, in consequence, the writing never took effect as a contract. He cites Bowles v. Fickas, 140 Tex. 312, 167 S.W.2d 741 and Antwine v. Reed, 145 Tex. 521, 199 S.W.2d 482, but these decisions do not support his contention. According to the terms of the writing signed by defendant and Sellers, the offer of the Sellers had been accepted but the defendant, by implication from the provision quoted, had agreed not to do anything to defeat the deposit. However, he did just that, and his breach, which was a total repudiation, was such that Sellers were entitled to terminate the contract, and the indications are that they elected to do this. The Sellers are not parties to this suit and evidently assert no claim to the sum which was to have been deposited.

■ Point 2 is to be construed with the argument made thereunder and the two together are enough to present the contention that the plaintiff proved no right of recovery against the defendant under or by reason of the provision quoted above. This contention is sustained on the authority of Hurlbut v. Ross, Tex.Civ.App., 227 S.W.2d 358 and Reville v. Poe, Tex.Civ.App., 249 S.W.2d 241 at page 245, Headnote 2. It is not necessary to consider Sec. 22 of Art. 6573a, Vernon's Ann.Civ.St.

Point 3 assigns as error that the authority to forfeit the $500 deposit which the provision quoted purported to give Sellers subjected the defendant to a penalty and not to the payment of true liquidated damages; but the only evidence pertaining to this contention is the written agreement between Sellers and defendant and this does not prove a penalty as a matter of law. Point 3 is overruled.

The trial court's judgment must be reversed but no reason to remand is apparent. The judgment of the trial court is therefore reversed and judgment is rendered that plaintiff take nothing against the defendant.