**Richard F. SCHWARZ, Appellant,**

**v.**

**STRAUS–FRANK COMPANY, Appellee.**

**No. 14272.**

Court of Civil Appeals of Texas.

San Antonio.

July 8, 1964.

Rehearing Denied Sept. 2, 1964.

Morriss, Morriss, Boatwright & Lewis,. San Antonio, for appellant.

Lang, Byrd, Cross, Ladon & Oppenheimer, Stephen Lang, Neill Boldrick, Jr., San Antonio, for appellee.

POPE, Justice.

This is a suit on a note between the maker and payee. Plaintiff, Straus-Frank Company, sued and recovered judgment on a verdict against Richard F. Schwarz for an unpaid balance of $6,653, interest and attorney's fees. Defendant appealed and contends that his plea of want of consideration was not submitted to the jury, that he was entitled to an issue and finding on his defense that he made the note on condition that all payments would be made out of certain specific funds, and that the issue inquiring about his own authority as department manager for Straus-Frank Company was too restricted. We affirm the judgment.

Straus-Frank is a wholesale supply business. From early 1957 to May, 1960, defendant was manager of its electrical supply department. Defendant learned about a possible sale of some aluminum tubing to a customer, Regera Industries, and discussed this with Mr. Straus, his superior. Regera Industries made metal lawn furniture but its credit was weak, and it was a cash customer, according to all the evidence. In November of 1957 defendant ordered two truckloads of the metal tubing for delivery to the Straus-Frank warehouse. It would then be sold to Regera in small quantities for cash. While the shipment was in transit, Schwarz, by telegram, diverted the shipment direct to Regera Industries. He did not report this to his superior who did not learn of it until 1959.

An inventory taken at the end of 1958 showed that the tubing was located on the east wall of the department managed by defendant. It never was there. Regera Industries was not successful, and in the early part of 1959 made an assignment for the benefit of creditors. It never made a payment on the tubing. Defendant, while serving as manager for Straus-Frank, the supplier, was also the President, or an officer, of Regera Industries, the customer. After Regera Industries fell into financial difficulties, defendant and David Straus discussed the matter, and defendant consented to a new invoice which billed him for all the tubing. Defendant then made his claim against Regera Industries and received one liquidating dividend which he turned over to Straus-Frank to apply on the debt. On November 11, 1959, defendant made his promissory note to Straus-Frank for the amount of the tubing.

 Defendant, on appeal, reasons that he did not buy nor receive the tubing, that at all times the debt was that of Regera Industries, and that his note was for a debt of a third person. He argues that the trial court failed to submit an issue on want of consideration. The court did, however, submit an issue inquiring if defendant, Schwarz, had express or implied authority from Straus to consign the two loads of tubing to Regera Industries, and the jury found that he did not. This finding that defendant violated his principal's instructions fixed a personal liability upon him. Kerr v. Cotton, 23 Tex. 411; Taylor v. Jones, Tex.Civ.App., 244 S.W.2d 371; Hobby v. King Trailer Co., Tex.Civ.App., 273 S.W. 650; Eagle Indemnity Co. v. Cherry, 5 Cir., 182 F.2d 298. Schwarz, therefore, in giving his note for the amount of the tubing was not merely assuming an obligation of Regera Industries, he was giving a note to cover his own liability resulting from his unauthorized consignment. This is consideration, § 25, Art. 5933, Vernon's Ann.Civ.St. Shaw v. McShane, Tex.Com. App., 50 S.W.2d 278; Fidelity & Deposit

Co. of Maryland v. Risien, Tex.Civ.App., 248 S.W. 1105. Defendant has a point that, though this may be a correct theory of law, plaintiff did not plead breach of duty by the agent, as consideration. We find no objection to the issue that it was not pleaded.

 Defendant pleaded that he made the note to Straus-Frank but that he delivered it on express condition that payment would be made from two sources only. Those sources were the liquidating dividends from Regera Industries, and his own year-end bonus that he might earn as manager of the electrical department for Straus-Frank. The trial court refused defendant's requested issue on the defense of conditional delivery, overruled his objection to an issue which conditionally submitted substantially the same issue he requested, and then rendered judgment, although the issue submitted was not answered by the jury. The trial court, from these several rulings, held as a matter of law that the defense was not valid. The court correctly ruled.

There is a difference between parol agreements which show a delivery of a note on condition, and parol agreements which show understandings about payment of a note that is operative. Under Section 16, Article 5932, delivery on condition may be proved by parol. In that situation, the note never becomes operative. Helmke v. Prasifka, Tex.Civ.App., 17 S.W.2d 463. As in Kuper v. Schmidt, 161 Tex. 189, 338 S.W.2d 948, the claimed collateral agreement relates to payment and not delivery. The note had effect and could not be varied or added to by parol.

 Defendant also contends that the issue which inquired about his authority as manager was too restricted. The court asked whether defendant, Schwarz, when he delivered and consigned the metal tubing to Regera Industries, had authority, either express or implied, from David Straus. Defendant argues that the issue should not have limited his powers to those given by

David Straus only, but should have inquired whether he had authority from Straus-Frank Company. Our search of the record shows that Regera Industries was always a cash customer and that it had never been extended credit. The record shows that defendant spoke of Straus as his "superior." He was president of Straus-Frank Company. He was the one, and the only one, with whom defendant discussed delivery to Regera. After it was discovered that the tubing was not in the Straus-Frank warehouse and Regera was unable to pay for the tubing, it was Straus with whom defendant talked. The only evidence to which our attention is invited of defendant's discussion with any other officer of the company was the Secretary-Treasurer, and those discussions related to the note only, not to defendant's original authority to make delivery direct and on credit to Regera. Under this record, the submission was not too limited.

The judgment is affirmed.