Gerry Phillip ALBRIGHT, Individually and d/b/a The Phillip Albright Company, Appellant,

v.

Vernon I. LAY, Jr., Appellee.

No. 657.

Court of Civil Appeals of Texas, Corpus Christi.

Nov. 18, 1971.

Rehearing Denied Dec. 9, 1971.

Sorrell, Anderson, Sorrell & Atwill, James R. Sorrell, Jr., Corpus Christi, for appellant.

Vernon I. Lay, Jr., pro se.

## OPINION

BISSETT, Justice.

This is a suit for damages occasioned by the return of an earnest money check. Vernon I. Lay, Jr., sued Gerry Phillip Albright, for damages alleged to have been sustained by him when the defendant Albright returned the earnest money check to the prospective purchaser of realty owned by the plaintiff Lay.

Trial was to the court without a jury. Judgment was rendered for plaintiff in the sum of $500.00. The defendant has appealed that judgment. We affirm. The parties will be referred to as they were in the trial court.

On June 16, 1969, plaintiff and defendant entered into a contract, whereby a residential city lot, situated in Corpus Christi, Texas, owned by plaintiff, was listed for sale with defendant, a licensed real estate agent. On July 18, 1969, a contract of purchase and sale of the premises was entered into by and between plaintiff, as seller, and Lorenzo M. Ruscello, as purchaser. The purchase price agreed upon was payable partly in cash and "purchaser to assume present loan in the approximate amount of $13,520.00". The sale was to be consummated and closed on or before August 1, 1969. Paragraph 5 of the contract provided:

"5. The earnest money on deposit with the undersigned escrow agent is to be applied on the cash payment set out when the deal is closed, at which time the balance of cash consideration shall also be paid. Should Purchaser fail to consummate this contract as herein specified for any reason, except title defects, Seller shall be entitled to receive the earnest money above set out as liquidated dam-

ages for breach of this contract, or he may at his opinion enforce specific performance hereof. Should he elect to accept said earnest money as liquidated damages, he shall first pay therefrom a reasonable fee to the escrow agent for services performed in connection herewith, not to exceed, in any event, the amount that would have been owing had the deal closed. From the remainder he shall pay any commission due the real estate agent making this sale not to exceed, however, 50% of such remainder."

The contract named defendant as the real estate agent making the sale but did not name anyone as the escrow agent. The acceptance clause of the contract to be signed by the escrow agent was not executed by anyone purporting to act as escrow agent.

The purchaser issued a check in the amount of $500.00 and delivered it to defendant as earnest money. The check was not made out to defendant; the identity of the payee of the check is not revealed by the record. All parties to the contract of sale, seller, purchaser and real estate agent, treated the check as earnest money under the contract. We do likewise.

Defendant testified that within a very short time after the contract of sale was signed, he was informed that the mortgagee then owning the loan on the premises advised that the interest rate on such existing loan would be raised from 6% to 7% per annum if Ruscello assumed the loan balance. From the record, we conclude that the mortgagee claimed that it had the power to raise the interest rate in an assumption sale under the mortgage that was in force against the premises on July 18, 1969, when the contract of sale was executed. Ruscello, upon learning of such proposed increase in the interest rate, refused to consummate the purchase of the premises and made demand that defendant return the earnest money check.

Plaintiff testified that when he learned of the intended increase in the interest rate he contacted a representative of the mortgagee, who agreed to allow the existing interest rate of 6% to remain at that rate in the event Ruscello assumed the loan. Plaintiff said that he told defendant that the interest rate would not be increased; defendant disputes plaintiff in this instance. This is the only area of conflict in the evidence. There is evidence that Ruscello did not want to complete the transaction regardless of whether the interest rate was raised or not, as he did not want to be faced with the same problem in the future in the event he desired to sell the premises. Be that as it may, defendant testified that the only reason that the sale was not closed was because of the problem with the interest rate on the loan.

Plaintiff, in the first letter to defendant, dated July 28, 1969, directed defendant to forward the $500.00 (less commission) to him as liquidated damages if the purchaser did not complete the purchase on August 1, 1969. Then, by a subsequent letter to defendant, dated August 4, 1969, plaintiff stated: "I herewith elect to accept the $500.00 as liquidated damages, since Mr. Ruscello has not closed the purchase of the property 'on or before August 1, 1969' ". However, the defendant returned the $500.00 check to Ruscello after receipt of this last letter. Defendant made his own conscious decision not to deliver the money to a third party escrow agent because he was afraid that the problem of getting a release would cause difficulty in any subsequent sale of the premises. Defendant stated that he did not believe Ruscello owed any liquidated damages, and had he so believed, he would have cashed the check and "tried to retain the funds". In a letter to plaintiff, defendant said: "Bob has advised me that in acting as an Escrow Agent and maintaining neutral in that capacity that I should deposit the funds with the Court so that the matter can be decided properly and legally". This was not done. Defendant admitted that in spite of plaintiff's instructions not to return the money to Ruscello, he did return it to him, and

that in doing so he acted contrary to instructions from plaintiff.

Defendant admits that plaintiff never refused to do anything required of him to close the sale. Defendant further testified that plaintiff never refused to deliver the deed called for in the contract of sale to Ruscello, and that plaintiff at all times expressed his wishes and desires "to go forward with the deal and to close the deal according to the contract". Defendant explained that the only reason why the sale to Ruscello was not closed on August 1, 1969, was because the contract called for the present loan to be assumed and it could not be assumed because of the stated raise in the rate of interest. He argues that the increase in the interest rate to 7% on the loan made it legally impossible to assume the present loan, which bore interest at 6%. The defendant, in substance, contends that any raise in the rate of interest on the outstanding loan balance as the same existed on the date the contract of sale was signed amounted to a title defect that excused performance on the part of Ruscello.

Defendant, in the main, contends that the trial court erred in rendering judgment for plaintiff because the trial court placed the burden of proof on defendant to show that there was not a forfeiture by the purchaser under the contract of sale, and that the plaintiff failed to prove that he was entitled to declare a forfeiture under such contract. He also raises "no evidence", "insufficient evidence" and "against the great weight of the evidence" points. In view of both law and fact questions presented by these points we have reviewed the entire record in this case. In considering the law question of "no evidence" we follow the rule set out in Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965) and consider only the evidence and inference favorable to the fact findings of the trial court and disregard all evidence and inferences to the contrary. With respect to the contentions as stated in the statement and argument under the points that the evidence is factually insufficient to support the judgment and that the judgment is against the great weight of the evidence, we must review and consider all of the evidence adduced at the trial. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660 (1951). None of defendant's points of error can be sustained.

Plaintiff's suit alleged, in substance, that defendant violated his duty under a contract of sale of real estate entered into by and between plaintiff, as seller, and Lorenzo M. Ruscello, as purchaser, wherein defendant was the escrow agent, or alternatively, the defendant violated the duty that he owed plaintiff under the terms of an agency contract that listed the real estate with defendant for sale. He alleged that the $500.00 check was delivered by Ruscello to defendant as earnest money; that on August 1, 1969, the closing date set out in the contract, he (plaintiff) was ready, willing and able to close the transaction, but that Ruscello refused to do so; and that such refusal constituted a breach of contract that entitled plaintiff to the earnest money as liquidated damages. Plaintiff further demanded that defendant remit such earnest money to him, but defendant refused to do so, and, instead, returned such money to Ruscello, the purchaser. Actual damages sustained by plaintiff were alleged to be $500.00.

Defendant denied the allegations made by plaintiff, but he did not plead as an affirmative defense any facts setting up a legal excuse for the purchaser's refusal to complete and close the purchase and sale on August 1, 1969. Defendant did not, in his pleadings, by set off, counterclaim, cross-action, or otherwise, ask or plead for any allowance of a commission payable out of the earnest money funds, nor did he ask or plead for an allowance of escrow agent's fees under the contract. Therefore, any such commissions or fees to which defendant might have been entitled were waived by him by the pleadings and proof.

■■ In determining whether the parties intended to appoint an escrow agent, not only the nature and terms of the instrument are persuasive, but all of the circumstances attending the execution of the contract, the delivery of escrow funds to the escrow agent, and the actions of the parties themselves should be considered. Green v. Priddy, 112 Tex. 567, 250 S.W. 656 (1923). Both seller and purchaser knowingly permitted defendant to keep and retain possession of the check. No one required defendant to deliver the check to another person. Under the facts and circumstances presented, it is our opinion and we so hold that defendant was the escrow agent of both plaintiff, the seller, and Ruscello, the purchaser. In such capacity, defendant had the absolute duty to carry out the terms of the escrow agreement. Since defendant had the imperative duty to deliver the check to plaintiff when plaintiff complied with the provisions of the contract of sale, a delivery of the check back to the purchaser without plaintiff's consent made defendant responsible for the liquidated damages. See 22 Tex.Jur. 2d, Escrow, § 8–11, p. 634–637.

■■ Defendant argues that he was the agent for plaintiff only. Even if the evidence would support this theory, defendant would, nevertheless, be liable to plaintiff for a breach of duty. An agent is bound to obey and follow the orders of his principal and is liable in damages for any injury consequent upon his departing from them, however fair may have been his motives for such departure. The evidence in this case establishes a disregard of instructions. A fact finding that the agent violated the instructions of his principal fixes a personal liability on him. Kerr v. Cotton, 23 Tex. 411 (1859); Schwarz v. Straus-Frank Company, 382 S.W.2d 176 (Tex.Civ.App., San Antonio, 1964, wr. ref. n. r. e.); Taylor v. Jones, 244 S.W.2d 371 (Tex.Civ.App., Texarkana, 1951, n. w. h.); Johnson v. Freytag, 338 S.W.2d 257 (Tex.Civ.App., Beaumont, 1960, wr. ref. n. r. e.); Bank of British North America v. Cooper, 137 U.S. 473, 11 S.Ct. 160, 34 L.Ed. 759 (1890).

In somewhat similar circumstances to those presented in this appeal, the courts have held that the duties as a holder of a check are comparable to those of a stakeholder, who, upon failure of the condition attending, becomes a trustee in holding the money. Couch v. Stewart, 200 S.W.2d 642 (Tex.Civ.App., Galveston, 1947, n. w. h.); Murrah v. Shirley, 237 S.W. 307 (Tex.Civ.App., Dallas, 1922, n. w. h.)

In Gips v. Red Robin Corporation, 366 S.W.2d 853 (Tex.Civ.App., Houston 1963, wr. ref. n. r. e.), it is said:

"Where a purchaser is obligated to make title objections, he must do so or he cannot complain of the absence of marketable title. He must communicate such to the seller or his representative so they may attempt to satisfy the objections. (citing authorities)"

The rule announced in that case applies here. The evidence conclusively shows that Ruscello, the purchaser, never made any objection to plaintiff as to the title of the land covered by the contract. He simply told defendant that he would not go through with the purchase because of the problem with the interest rate. Defendant surmised that one reason for Ruscello's failure to consummate the purchase was the possibility of the interest rate on the loan outstanding being raised again in the event he decided to sell the property. Defendant's defense was that the proposed raise in interest rate, in effect, constituted a title defect that would permit him to return the earnest money check without liability to plaintiff. We do not agree. There is no evidence of any title defect. The evidence is sufficient to show that the purchaser refused to perform the contract not because of any defect in title, but for other reasons.

The record shows that plaintiff was ready, willing and able to perform on August 1, 1969, the closing date specified in the contract. It was undisputed that the

only reason that plaintiff did not execute and deliver the deed in accordance with the contract was because of Ruscello's failure to perform. Under such circumstances, plaintiff was entitled to the earnest money as liquidated damages for breach of contract. Gambrell v. Tatum, 228 S.W. 287 (Tex.Civ.App., Amarillo, 1921, n. w. h.).

Defendant did not have any express or implied authority to change, rescind or abandon the contract of sale between plaintiff and Ruscello. In returning the earnest money check to Ruscello, the purchaser, contra to explicit instructions from plaintiff, defendant violated his duty under the escrow agreement incorporated in the contract of sale.

■ The burden was on plaintiff to both plead and prove his cause of action against defendant. He has discharged his burden in both respects. Plaintiff has been damaged in the amount agreed upon as liquidated damages under the contract, to-wit, $500.00. There is ample evidence of probative value to support the findings of fact made by the trial judge. We have considered all points of error brought forward by defendant in this appeal. They are all overruled.

■ Plaintiff, by cross-point, complains of the refusal of the trial court to allow him attorney fees. He also requests ten percent additional damages as provided by Rule 438, Texas Rules of Civil Procedure. Plaintiff is not entitled to attorney fees and there is no evidence in the record that the appeal was taken for delay or without sufficient cause. Neither the cross-point nor the request has merit, and each is, therefore, overruled.

The judgment of the trial court is affirmed.

SHARPE, J., not participating.