**SLAM PROPERTIES, a limited partnership, Appellant,**

v.

**Dr. Paul PICKETT, Jr. and Rosa McMillan, Appellees.**

No. 693.

Court of Civil Appeals of Texas, Tyler.

April 26, 1973.

Rehearing Denied May 31, 1973.

C. Sidney McClain, Dallas, for appellant.

Fred Bruner, Daugherty, Bruner, Lastelick & Anderson, Gary W. Maxfield, Brundidge, Fountain, Elliott & Churchill, Dallas, for appellees.

McKAY, Justice.

Suit was brought by appellant, Slam Properties, a Limited Partnership, against appellees, Dr. Paul Pickett, Jr. and Rosa McMillan, the real estate agent for Dr. Pickett, for damages for alleged breach of a written contract for the sale of real estate by appellant to Pickett, and upon an alleged escrow contract obligation of Rosa McMillan. Motions for instructed verdict by Pickett and McMillan were granted at the close of appellant's case and judgment was rendered for Pickett and McMillan.

Appellant brings ten points contending that there was some evidence of an enforceable contract; that there was an enforceable contract; that there was sufficient evidence to create a fact issue for the jury; that there was some evidence that McMillan was the escrow agent, and sufficient evidence to create a fact issue that she was; and that the court erred in excluding evidence of fraud by McMillan in handling funds in connection with the contract.

The significant provisions of the contract are:

"The purchase price is $65,000.00; payable as follows: $6,000.00 cash, of which the Purchaser has deposited with Commercial Title the sum of $6,000.00 as earnest money and part payment, the receipt of which is hereby acknowledged by said deposit holder, and the balance is to be paid as follows:

"Purchaser to be given ten days to secure financing in the amount of $42,000.-00.

"Seller agrees to accept a second lien note from the Purchaser, in the amount of $17,000.00 @ 8% interest for ten years, payable monthly, including principle (sic) and interest, starting one month after closing. Said note may be paid off in full, at anytime, without penalty.

\* \* \* \* \* \*

"Closing to be as soon as possible, but not later than five days after Purchaser arranges financing. \* \* \*"

As presented by appellant's witnesses the facts developed were substantially as follows: McMillan contacted appellant's agent and told him Pickett wanted to make an offer for the property involved here, and she dictated by telephone the specific terms desired. Appellant's agent typed the contract, and then presented it to McMillan and Pickett who signed it in his presence. Pickett wrote a check for Six Thousand and No/100 ($6,000.00) Dollars, and ap-

pellant's agent requested such check as escrow deposit, but McMillan kept the check stating that she would deposit it with the title company on Monday since it was Saturday and the title company was already closed for the weekend. She said she also wanted to talk to the manager. Appellant's agent then took the instrument to W. M. Snodgrass, general partner of appellant, advised him about McMillan retaining Pickett's check, and then Snodgrass signed the instrument. Appellant's agent then delivered copies to McMillan by slipping them under her office door, and then on Monday appellant's agent delivered an executed copy of the instrument to the title company. Appellant also learned on Monday that McMillan had not delivered Pickett's check to the title company.

On Tuesday, January 14, 1969, appellant learned by a telephone conversation with McMillan that Pickett no longer wished to purchase the property because he could not obtain permanent first lien mortgage financing.

Pickett's check was never delivered to or deposited with the title company. (McMillan denied she agreed at any time to deposit the check with the title company.)

In February, 1969, appellant sold the property to another for Sixty Thousand and No/100 ($60,000.00) Dollars.

The judgment recites that the trial court instructed a verdict in favor of Pickett and McMillan and withdrew the case from the jury (both motions were granted). For such action to be correct on either motion, there must be no evidence of probative force upon which a jury could have found for appellant. All the evidence must be considered in the light most favorable to the appellant and every reasonable inference deducible from the evidence is to be indulged in its favor. Lif-

son v. Dorfman, 491 S.W.2d 198 (Tex. Civ.App.—Eastland, 1973, n. w. h.).

From a review of the record there appears to be no dispute in the evidence as to the material facts surrounding the transaction. It is undisputed that Pickett's Six Thousand and No/100 ($6,000.00) Dollar check was never deposited with the title company. It is undisputed that Pickett never arranged for or secured financing. It is undisputed that appellant was notified that Pickett could not obtain financing and that he did not want to pursue the matter any further. There being no disputed material fact issue the trial court properly withdrew the case from the jury. 56 Tex. Jur.2d Trial, sec. 209, p. 549.

In our opinion the instrument in question here never acquired the character of a contract. The offer to sell the property made by appellant was conditioned upon the deposit by Pickett of Six Thousand and No/100 ($6,000.00) Dollars with the title company. This was not done. Pickett was given ten (10) days to secure financing in the amount of Forty-Two Thousand and No/100 ($42,000.00) Dollars. This was not done. Therefore, the instrument never became an enforceable contract, but instead it was an offer upon conditions which were never met. Bowles v. Fickas, 140 Tex. 312, 167 S.W.2d 741 (1943). The signing of the instrument by Pickett without the deposit of the earnest money was not acceptance of the written proposal by appellant. Antwine v. Reed, 145 Tex. 194, 199 S.W.2d 482 (1947).

Appellant contends that whether the Six Thousand and No/100 ($6,000.00) Dollar deposit with the title company was a condition depends upon the intention of the parties as shown by the language of the contract and the circumstances surrounding its execution and cites Albright v. Lay, 474 S.W.2d 287 (Tex.Civ.App.—Corpus Christi,

1971, n. w. h.). We think all the facts and circumstances together with the written contract point to the conclusion that the deposit of the money was a condition which must be met before a contract came into existence. The Albright case is not in point.

■ Appellant also claims there was a constructive delivery of the escrow check or earnest money to the title company and that the condition was met. Appellant says that McMillan was the escrow agent or that there was sufficient evidence to raise the question for the jury. We believe these contentions are without merit.

All of appellant's points are overruled.

Judgment of the trial court is affirmed.