The STATE of Texas on the relation of Will Ray LOVELESS et ux., Appellants,

v.

BRADY INDEPENDENT SCHOOL DISTRICT, Appellee.

No. 12517.

Court of Civil Appeals of Texas, Austin.

Feb. 23, 1977.

Rehearing Denied March 16, 1977.

John M. Harrod, County Atty., Eden, for appellants.

Michael G. Maloney, J. C. Hinsley, Austin, for appellee.

PHILLIPS, Chief Justice.

This is a suit in the nature of *quo warranto* by The State of Texas on the relation of two individuals alleging that the Brady Independent School District and the Eden Independent School District, not a party to this appeal, were both asserting the right to tax property belonging to the relators.

The district court of Concho County sustained appellee Brady Independent School District's plea of privilege and ordered the cause transferred for trial to McCulloch County, domicile of the appellee.

We affirm this judgment.

Appellants contend that the purpose of this proceeding in Concho County against both of the above-mentioned school districts was to determine which of them has the jurisdiction and authority to tax a particular and defined portion of their property for public free school purposes.

Appellants seek reversal of the court's ruling on the plea of privilege contending that they have a bona fide cause of action against both school districts and that the Brady Independent School District was so intimately connected with the cause of action brought against the Eden Independent School District in Concho County as to make the Brady District a necessary or proper party defendant. Tex.Rev.Civ.Stat. Ann. art. 1995, § 4 (1964).

We hold that under the aegis of *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936), appellants did not plead or prove a bona fide cause of action against the Eden Independent School District, the only defendant residing in Concho County where the suit was instituted and that the court was correct in sustaining appellee's plea of privilege to be sued in the county of its residence.

Appellants' petition in *quo warranto* alleged that it was filed on the relation of Will Ray Loveless and wife, Cecilia Loveless, and named as defendants the Eden

Independent School District, alleged to be a resident of Concho County, and the Brady Independent School District, alleged to be a resident of McCulloch County.

The petition further alleged that the relators own real property which was at one time located in the Melvin County-Line Independent School District, which had levied and collected school taxes on such property, but that after 1971 that district ceased to assess and collect taxes and the Brady District levied and collected school taxes against that part of relator's property.

Appellants further alleged in the petition that relators had been notified that their property would continue to be taxed by the Brady District but additionally, that relators had received a notice from the tax assessor-collector of the Eden District that they should also render their property to the Eden District for taxation.

Appellants' petition further alleged that they were in doubt as to which district was entitled to collect taxes on the property and that there was a justiciable controversy as to which district was entitled to assess and collect taxes on the property.

Appellants then asked the court to determine which school district had the right and authority to tax the property.

█ It is well settled that two elements are necessary to maintain venue in a county under subdivision 4 of Tex.Rev.Civ.Stat. Ann. art. 1995. First, there must be a defendant who resides in that county; and second, plaintiff must plead and prove that it has a cause of action against the resident defendant. *Stockyards National Bank v. Maples, supra.* The opinion in that case makes it clear that proof of a cause of action against the nonresident defendant has no relevancy to the issue of venue.

█ It is also necessary that the cause of action plaintiff pleads against the resident defendant must be a bona fide one. *Zurich Insurance Company v. Wiegers*, 527 S.W.2d 511 (Tex.Civ.App.1975, no writ).[1]

The term "cause of action" has been defined "as a fact or facts entitling one to

institute and maintain an action, which must be alleged and proved in order to obtain relief." *A. H. Belo Corp. v. Blanton*, 133 Tex. 391, 129 S.W.2d 619 (1939).

We note that appellee's special exception to appellants' controverting plea specifically urged that the controverting plea failed to allege any facts that show that appellants have a bona fide cause of action against the defendant Eden Independent School District. This special exception was sustained by the trial court. Appellants have no point of error in their brief complaining of that ruling. Although appellants were permitted to file a trial amendment, the trial amendment amends the controverting plea only to allege that the Eden Independent School District is a resident of Concho County and does nothing further to meet the exception in question by pleading any facts which would constitute a cause of action against the resident defendant Eden Independent School District. The only allegations are that the tax assessor-collector of that district had notified relators to render their property for taxation to the Eden District. There are no allegations whatever that such a demand was not justified by facts.

Thus, if appellants' pleadings in the controverting affidavit were insufficient to allege the cause of action against the resident defendant Eden Independent School District, then appellants have no pleadings as a basis upon which to introduce evidence on the hearing which would prove a bona fide cause of action against the resident defendant Eden Independent School District. *Compton v. Elliott*, 126 Tex. 232, 88 S.W.2d 91 (1935), *Jefferies v. Dunklin*, 131 Tex. 289, 115 S.W.2d 391 (1938).

It has long been settled in this State that evidence is inadmissible unless it has support in the pleadings. *Erisman v. Thompson*, 140 Tex. 361, 167 S.W.2d 731 (1943), *Bowles v. Fickas*, 140 Tex. 312, 167 S.W.2d 741 (1943).

█ Even assuming appellants plead a bona fide cause of action against the resi-

---

1. See 32 Texas L.Rev. 441 (1954).

dent defendant, appellants are still not entitled to reversal because appellants failed to prove a bona fide cause of action at the hearing on the plea of privilege. The burden is on the plaintiff to prove a bona fide cause of action against the resident defendant by a preponderance of competent evidence. See *Collins v. Ford Motor Credit Co.*, 454 S.W.2d 469 (Tex.Civ.App.1970, no writ), and cases cited therein.

■ The trial court ruled that appellants had not proved the necessary venue facts under subdivision 4 of Article 1995 to allow the case to be retained in Concho County. Such ruling is supported by the evidence and is not against the great weight and preponderance of the evidence as to be clearly wrong or manifestly unjust. Because appellants failed in this indispensable requirement to maintain suit in the county where filed under subdivision 4 of Article 1995, appellee was entitled to have its plea of privilege granted. The trial court so held and we affirm that judgment.

The judgment of the trial court is affirmed.

SHANNON, Justice, concurring.

I concur.

This is an appeal from the judgment of the district court of Concho County sustaining the plea of privilege of appellee, Brady Independent School District, and pertains to Tex.Rev.Civ.Stat.Ann. art. 1995 § 4 (1964).

The State of Texas, appellant, on the relation of Will Ray Loveless and wife, Cecilia Loveless, filed suit in the district court of Concho County against appellee, Brady Independent School District, and against Eden Independent School District. The State pleaded that Eden Independent School District was a resident of Concho County and that Brady Independent School District was a resident of McCulloch County.

Appellant pleaded that the Lovelesses owned real property in Concho County and that all or part of that realty was located in what was formerly the Melvin County-Line Independent School District. After 1971,

the Melvin County-Line Independent School District ". . . ceased to assess and collect such school taxes and Relators [the Lovelesses] were directed to render their real property for assessment by the Brady District." Thereafter, the Brady District levied and caused to be collected school taxes against that part of the real estate of the Lovelesses which had been located within the Melvin District.

Appellant averred further that in 1976 the Lovelesses received a notice from the Tax Assessor-Collector of the Eden District directing them to render for assessment the same real estate which was within the former Melvin District and which had been taxed by the Brady District. With the notice from the Eden Tax Assessor-Collector, the Lovelesses received a letter from the Board of School Trustees of the Eden District stating that the real property which was formerly within the Melvin District was now consolidated into the Eden District and subject to taxation for school purposes by the Eden District.

Appellant then alleged that a justiciable controversy existed between all parties to the suit. Appellant prayed for a determination by the court by what authority the respective school districts had the right to tax the Loveless property and for a declaration that as between the school districts which district had the right and authority to tax the said property.

The Brady District filed a plea of privilege to be sued in McCulloch County. Appellant filed its controverting plea, asserting venue in Concho County by reason of Tex.Rev.Civ.Stat.Ann. art. 1995 § 4 and other exceptions not here important. Upon trial, the district court sustained the plea of privilege.

Section 4 of Art. 1995 provides in part:

"4. Defendants in different counties. —If two or more defendants reside in different counties, suit may be brought in any county where one of the defendants resides."

Under § 4 the venue facts to be established are: (1) one defendant resides in the county of suit; (2) the party asserting his

privilege is at least a proper party to the suit against the resident defendant; and (3) the plaintiff has a *bona fide* claim against the resident defendant. *Stockyards National Bank v. Maples*, 127 Tex. 633, 95 S.W.2d 1300 (1936), *Zurich Insurance Company v. Weigers*, 527 S.W.2d 511 (Tex.Civ. App.1975, no writ), 1 McDonald, *Texas Civil Practice*, § 44.10.2 (Rev. ed. 1965).

Appellant failed to show that the Lovelesses had a *bona fide* claim against the Eden District. Stated another way, appellant failed to prove a justiciable controversy between the Lovelesses and the Eden District.

A justiciable controversy must exist before the trial court has jurisdiction to grant any relief, declaratory or otherwise. Expressed in other terms, Article 5, § 8, of the Constitution of Texas does not empower the trial court to render advisory opinions. *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641 (1933), *California Products, Inc. v. Puretex Lemon Juice, Inc.*, 160 Tex. 586, 334 S.W.2d 780 (1960), *United Services Life Insurance Co. v. Delaney*, 396 S.W.2d 855 (Tex.Sup.1965), *Firemen's Insurance Co. of Newark, New Jersey v. Burch*, 442 S.W.2d 331 (Tex.Sup.1968), *Sub-Surface Construction Co. v. Bryant-Curington, Inc.*, 533 S.W.2d 452 (Tex.Civ.App.1976, writ ref'd n.r.e.). It follows that if a justiciable controversy exists, the trial court has jurisdiction to entertain the declaratory judgment action, and that the declaratory relief subsequently granted is not advisory.

To constitute a "justiciable controversy" for declaratory judgment purposes, there must be a real and substantial controversy involving a genuine conflict of tangible interest, rather than a theoretical one. *Laborers' Int. U. of N. A., Const., etc. v. Blackwell*, 482 S.W.2d 327 (Tex.Civ.App. 1972, no writ), *Phillips Petroleum Company v. Bevins*, 423 S.W.2d 340 (Tex.Civ.App. 1967, writ ref'd n.r.e.), *Sub-Surface Construction Co. v. Bryant-Currington, Inc., supra*.

Appellant's proof was that the Lovelesses had received the following notice from the Tax Assessor-Collector of the Eden District.

"Please call at my office and sign your school tax rendition form for the current year.

If this rendition is not made by you before June 10, 1976, it will be rendered by the Board of Equalization."

Appellant's other proof was the receipt by the Lovelesses of the form letter from the Board of School Trustees of the Eden District. The letter was addressed to: "Residents and Taxpayers of that portion of the former Melvin County-Line Independent School District lying South of Farm-to-Market Road 765 in Concho County, Texas." The letter referred to a purported consolidation with the Eden District of that portion of the former Melvin School District lying south of Farm-to-Market Road No. 765 in Concho County. The letter then stated that all such property ". . . is now subject to the assessment, levy, and collection of school taxes by the Eden Independent School District."

Appellant did not prove that any property involved in this appeal had been assessed for taxation by the tax assessor of Eden District or that any other step had been taken other than to request the Lovelesses to render the property for taxes, with the statement that if such were not done, the tax assessor would assess the property. Appellant failed to prove a real and substantial controversy between the Lovelesses and the Eden District involving a genuine conflict of tangible interest, rather than a theoretical one. As a result, the district court correctly sustained the plea of privilege and ordered the cause transferred to McCulloch County.