**Robert HUDSON and Andy Wright, Appellants,**

v.

**Marion and Jean WAKEFIELD, Appellees.**

**No. 10–82–020–CV.**

Court of Appeals of Texas, Waco.

June 17, 1982.

Rehearing Denied July 8, 1982.

John W. Berkel, Simms, Harpole & Berkel, P. C., Houston, for appellants.

J. W. Robinson, Humble, W. A. Keils, Jr., Teague, for appellees.

OPINION

CHASE, Justice.

Appellees, herein referred to as sellers, were the owners of a tract of 186.69 acres, more or less, situated in Freestone County, Texas, which tract the appellants, herein referred to as purchasers, sought to buy.

A lengthy instrument was prepared which set forth the many terms and conditions under which the transaction was to be consummated.

The condition pertinent herein was the requirement that $10,000.00 cash was to be paid on closing, less $5,000.00 earnest money which was to be deposited with Freestone Title Company as escrow agent.

Both parties executed the instrument and the purchasers delivered to the Freestone Title Company a personal check drawn on the First International Bank of Houston in the amount of $5,000.00. The title company deposited the check for collection but it was returned marked "insufficient funds."

Thereafter, the title company manager informed the parties of the insufficiency of their check and that her file had been closed.

Purchasers sought on two occasions to deliver the $5,000.00 required by the instrument, once by telegraphing $5,000.00 to the Fairfield State Bank to be delivered to the title company and once by personally attempting to deliver a cashier's check for $5,000.00 to the title company. Both efforts were rejected since the sellers had withdrawn the offer to sell the land.

Purchasers then brought suit in the District Court of Freestone County, Texas, seeking specific performance of the alleged contract. Sellers answered and moved the court for summary judgment on the ground that no contract had been entered into and there was no basis for the relief sought by the purchasers.

Purchasers moved also for summary judgment contending the contract had been consummated and they were entitled to purchase the land.

The trial court denied purchasers' motion and granted the motion for summary judgment of the sellers.

Purchasers, as appellants herein, have appealed charging the trial court with some 21 points of error, all relating either to the trial court's error in granting the summary judgment for the appellees or in failing to grant summary judgment for the appellants.

In *Antwine v. Reed*, 199 S.W.2d 482, the Supreme Court of Texas stated that it is elemental that before a prospective purchaser can support his action for specific performance of a contract to convey land, he must show a good and valid contract was entered into by the parties.

We must then look to the record to determine if a contract existed between the parties herein.

In *Bowles v. Fickas*, 140 Tex. 312, 167 S.W.2d 741, the defendant signed an instrument offering to sell a tract of land to the plaintiff for $6,000.00 which was payable partly by $2,000.00 in cash of which $1,000.00 was to be placed in escrow in the First National Bank of Lubbock upon the signing of the instrument. Plaintiff signed the instrument but failed to deposit the $1,000.00 escrow as required by the condition of the instrument. Two weeks after the signing, the defendant withdrew the offer to sell the land and two days later the plaintiff deposited the $1,000.00 earnest money.

In that case, the Supreme Court of Texas held that because the condition of the instrument requiring the $1,000.00 cash to be paid was not met, the instrument in question never acquired the character of a contract. Thus, there was no basis upon which the plaintiff's suit could be maintained.

The Supreme Court in *Bowles* also held that it was the absolute right of the seller to withdraw the offer at any time before the same was accepted in the manner prescribed in the instrument.

The record in this case is undisputed that $5,000.00 was to be delivered to the title company as a condition to the formation of a contract between the parties, and that the appellant failed to meet this condition.

Appellant seeks to explain or excuse his failure by placing the blame on the title company for the manner in which the check was deposited. This will avail them nothing since the obligation of the purchaser was to deposit $5,000.00 with the title company. Appellant sought to transmit the

$5,000.00 by using a check, but his effort failed when the bank dishonored the check, and therefore the condition was not met. Having failed to fully accept the offer of the sellers, they were then free to withdraw the offer, which they did. *Bowles v. Fickas*, supra.

A similar case was before the Tyler Court of Appeals in *Slam Properties v. Pickett*, 495 S.W.2d 381, writ ref'd n. r. e. The court held that the instrument in question had never acquired the character of a contract because the prospective purchaser had never deposited the escrow money with the title company.

We hold that the failure of the appellants herein to deposit the $5,000.00 escrow money with the Freestone Title Company caused the instrument in question to never acquire the character of a contract, and therefore provided no basis upon which the appellants could maintain a suit for specific performance of a contract. There being no genuine issue of any material fact, the trial court correctly denied appellants' motion for summary judgment and correctly granted the summary judgment for the appellees.

All of appellants' points are overruled and the judgment of the trial court is affirmed.