ACCEPTED
13-14-00315-cv
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
1/7/2015 1:06:46 PM
DORIAN RAMIREZ
CLERK

**ORAL ARGUMENT REQUESTED**

**CAUSE NO. 13-14-00315-CV**

FILED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
1/7/2015 1:06:46 PM
DORIAN E. RAMIREZ
Clerk

**IN THE COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
AT CORPUS CHRISTI - EDINBURG**

_____

**IN THE ESTATE OF LAVERNE (TOBY) SMITH, DECEASED**

_____

Appeal from the County Court of
Lavaca County, Texas
Cause Number 10693

_____

**BRIEF OF APPELLEE,
ANDREA GILLILAND**

_____

CULLEN, CARSNER,
SEERDEN  & CULLEN, L.L.P.
Casey T. Cullen
State Bar No. 24073121
Ann LaMantia Cullen
State Bar No. 24078818
P. O. Box 2938
Victoria, Texas  77902
Tel:  (361) 573-6318
Fax:  (361) 573-2603

SCHWARTZ & SCHWARTZ
Marcus F. Schwartz
State Bar No. 17867800
P. O. Box 385
Hallettsville, Texas  77964
Tel:  (361) 798-3668
Fax:  (361) 798-3660

*Attorneys for Appellee, Andrea Gilliland*

# I.
# IDENTITY OF PARTIES AND COUNSEL

Parties before the Trial Court:

Appellant:    Sandra Dee Taylor

Appellee:    Andrea Gilliland

Trial and Appellate Counsel for Appellant:

> David S. Cook
> 1204 Heights Blvd.
> Houston, Texas 77008-6918

Trial and Appellate Counsel for Appellee:

> Marcus F. Schwartz
> 112 N. La Grange Street
> P.O. Box 385
> Hallettsville, Texas 77964-0385
>
> Casey T. Cullen
> Ann LaMantia Cullen
> Cullen, Carsner, Seerden & Cullen
> 119 S. Main St.
> P.O. Box 2938
> Victoria, TX 77901

Administrator of Mr. Smith's Estate:   Jennifer Machacek, Administrator

Attorney for Administrator:

> Bill Caraway
> 210 N. Texana Street
> Hallettsville, Texas 77964

## II.
## **TABLE OF CONTENTS**

I.    IDENTITY OF PARTIES AND COUNSEL ................................................. i

II.   TABLE OF CONTENTS ........................................................................ ii

III.  INDEX OF AUTHORITIES ....................................................................... v

IV.  STATEMENT OF THE CASE/STATEMENT OF FACTS ..........................1

V.   STATEMENT OF THE ISSUES ...................................................................7

> A. With regard to the trial court's denial of Appellant's Motion for New Trial on the trial court's Granting of Appellee's Motion to Remove:
>
> > 1. Did the trial court abuse its discretion in finding that Appellant had sufficient notice of the hearing on Appellee's Motion to Remove?
> >
> > 2. Alternatively, did the trial court abuse its discretion in removing Appellant as the Independent Executor of the Estate of Mr. Smith on its own Motion pursuant to Section 404.003 of the Texas Estates Code due to Appellant's eluding of service and/or failure to keep the Court apprised as to where she could be served with documents relevant to the Estate?
> >
> > 3. Alternatively, did the trial court abuse its discretion in finding Appellant's failure to appear at the hearing on Appellee's Motion to Remove was intentional or a result of Appellant acting with conscious indifference?
> >
> > 4. Alternatively, did the trial court abuse its discretion in finding Appellant did not set forth a meritorious defense to Appellee's Motion to Remove?
> >
> > 5. Alternatively, did the trial court abuse its discretion in finding that granting the Motion for New Trial would cause delay or injury to Appellee?

B. With regard to the trial court's denial of Appellant's Motion to Disqualify Opposing Counsel:

    1. Does this Honorable Court of Appeals have jurisdiction to hear Appellant's appeal from the trial court's interlocutory order denying Appellant's Motion to Disqualify Opposing Counsel?

    2. Alternatively, did the trial court abuse its discretion in finding that the matters of which Mr. Marcus F. Schwartz previously represented the Estate of Mr. Smith and his current representation of Appellee were not substantially related as to create a conflict?

    3. Alternatively, did the trial court abuse its discretion in finding that Appellant has waived her right to disqualify Marcus F. Schwartz as counsel for Appellee by waiting too long to file the Motion to Disqualify?

VI.    SUMMARY OF THE ARGUMENT ........................................................... 9

VII.    ARGUMENT ..................................................................................... 15

A. With regard to the trial court's denial of Appellant's Motion for New Trial on the trial court's Granting of Appellee's Motion to Remove, the trial court did not abuse its discretion in denying Appellant's Motion for New Trial:

    1. Standard of Review .......................................................................... 15

    2. Appellant had sufficient notice of the hearing on Appellee's Motion to Remove .......................................................................... 16

    3. Alternatively, the trial court removed Appellant as the Independent Executor of the Estate of Mr. Smith on its own Motion (without notice) pursuant to Section 404.003 of the Texas Estates Code due to Appellant's eluding of service and/or failure to keep the Court apprised as to where she could be served with documents relevant to the Estate ...................................... 21

4. Alternatively, the trial court found that Appellant's failure to appear at the hearing on Appellee's Motion to Remove was intentional or a result of Appellant acting with conscious indifference ..................................................................23

5. Alternatively, the trial court found Appellant did not set forth a meritorious defense to Appellee's Motion to Remove ......................28

6. Alternatively, the trial court found that granting the Motion for New Trial would cause delay or injury to Appellee ..........................33

B. The trial court did not abuse its discretion in denying Appellant's Motion to Disqualify Opposing Counsel:

1. This Honorable Court of Appeals does not have jurisdiction to hear Appellant's appeal from the trial court's interlocutory order denying Appellant's Motion to Disqualify Opposing Counsel ..................................................................................................35

2. In the event this Honorable Court of Appeal's finds that it has jurisdiction over Appellant's interlocutory appeal of the trial court's denial of her Motion to Disqualify Opposing Counsel:

   i. Standard of Review..................................................................36

   ii. The trial court found that the matters of which Mr. Marcus F. Schwartz previously represented the Estate of Mr. Smith and his current representation of Appellee were not substantially related as to create a conflict ................39

   iii. Alternatively, the trial court found that Appellant has waived her right to disqualify Marcus F. Schwartz as counsel for Appellee by waiting too long to file the Motion to Disqualify..................................................................43

VIII. PRAYER……………………………………………………………..44

IX. CERTIFICATE OF COMPLIANCE………………………..…………46

X. CERTIFICATE OF SERVICE…………………………………... ..46

iv

III.
# INDEX OF AUTHORITIES

## Cases:

*Albright v. Lay*,
474 S.W.2d 287 (Tex. Civ. App.—Corpus Christi 1971, no writ)………...30

*Angelo v. Champion Restaurant Equip. Co.*,
713 S.W.2d 96 (Tex.1986)……………………………………………………33

*Ashworth v. Brzoska*,
7274 S.W.3d 324 (Tex.App. – Houston [14th Dist.] 2008)………………..15

*Avis v. First Nat'l Bank,*
141 Tex. 489, 174 S.W. 2d 255 (1943)…………………………………..31

*In re Butler*,
987 S.W.2d 221 (Tex.App. – Houston [14th Dist.] 1999)…………………37

*Cain v. Bain*,
709 S.W.2d 175 (Tex. 1986) (per curiam)…………………………………15

*Cimarron Agr., Ltd. v. Guitar Holding Co., L.P.*,
209 S.W.3d 197 (Tex.App. – El Paso, 2006)………………………………36

*Cliff v. Huggins*,
724 S.W.2d 778 (Tex. 1987)……………………………………………….15

*Craddock v. Sunshine Bus Lines, Inc.*,
133 S.W.2d 124 (Tex. 1939)……………………………………...28, 33

*Cohen v. Hawkins,*
No. 14-07-00043-CV, 2008 WL 1723234, 6 (Tex.App. – Houston [14th Dist.], 2008, pet. denied)………………………………………………...30

*Douthit v. Wheeler*,
711 S.W.2d 671 (Tex.App. 1986)…………………………………………35

v

*Enstar Petroleum Co. v. Mancias*,
 773 S.W.2d 662 (Tex.App. – San Antonio, 1989, orig. proceeding)………43

*In re Estate of Miller*,
 446 S.W.3d 445 (Tex. App. 2014), reh'g overruled (Oct. 27, 2014)……….30

*Estate of Pollock v. McMurry*,
 585 S.W.2d 388 (Tex.1993)…………………………………………………..29

*Figueroa v. Davis*,
 318 S.W.3d 53 (Tex.App.-Houston [1st Dist.] 2010, no pet.)……………...15

*First Nat'l Bank v. Kinabrew,*
 589 S.W. 2d 137 (Tex. Civ. App. – Tyler 1979, writ ref'd n.r.e.)…………31

*Frost v. Erath Cattle Co.,*
 81 Tex. 505, 17 S.W. 52 (1891)………………………………………...31

*Gaines v. Kelly*,
 235 S.W.3d 179 (Tex. 2007)…………………………………………………30

*Gonzalez v. Surplus Ins. Servs.*,
 863 S.W.2d 96 (Tex.App. – Beaumont 1993, writ denied)………………...24

*Goode v. Shoukfeh*,
 943 S.W.2d 441 (Tex. 1996)…………………………………………………15

*Gouldy v. Metcalf*,
 75 Tex. 455, 12 S.W. 830 (1889)………………………………………...31

*Gut vs. Thester Court of Appeals*,
 888 S.W.2d 466 (Tex. 1994)…………………………………………………43

*HECI Exploration Exploration vs. Clayton Gas Co.*,
 843 S.W.2d 622 (Tex.Civ.App – Austin 1992, writ den'd)………………...43

*Hermida-Lara v. Rosas*,
 2013 WL 5434678 (Tex.App. – Houston [1st Dist.] 2013) (not reported in S.W.3d)…………………………………………………………………...35

*In re Hoar Const. LLC*,
     256 S.W.3d 790 (Tex.App. – Houston [14th Dist.] 2008)…………………38

*J.K. & Susie L. Wadley Research Inst. & Blood Bank v. Morris*,
     776 S.W.2d 271 (Tex.App. – Dallas 1989)………………………………...38

*Jaco v. Rivera*,
     278 S.W.3d 867 (Tex.App. – Houston [14th Dist.] 2009)…………………28

*Kirkland v. Schaff*,
     391 S.W.3d 649 (Tex.App. – Dallas, 2013)………………………………...15

*Mar. Overseas Corp. v. Ellis*,
     971 S.W.2d 402(Tex. 1998)…………………………………………………15

*Mendoza v. Eighth Court of Appeals*,
     917 S.W.2d 787 (Tex.1996)………………………………………………..38

*Metropolitan Life Ins. Co. v. Syntek Finance Corp.*,
     881 S.W.2d 319 (Tex. 1994)……………………………………………….36

*Milestone Operating, Inc. v. ExxonMobil Corp.*,
     2013 WL 4007817 (Tex.App. – Houston [14th Dist.] 2013) (not reported in
     S.W.3d)……………………………………………………………………..28

*Morton v. Morris*,
     66 S.W. 94 (Tex. Civ. App.—San Antonio 1901, no writ)………………...30

*Munoz v. Rivera*,
     225 S.W.3d 23, 26 (Tex.App. – El Paso, 2005)……………………………15

*Musquiz v. Marroquin*,
     124 S.W.2d 906 (Tex.App. – Corpus Christi 2004, pet. denied)…………..31

*NCNB Texas Nat. Bank v. Coker*,
     765 S.W.2d 398 (Tex.1989)…………………………………………..…..37

*Natho v. State*,
    No. 03-11-00498-CR, 2014 WL 538787 (Tex.App.—Austin 2014, pet. ref'd)……………………………………………………………………..30

*National Medical Enterprises, Inc. v. Godbey*,
    924 S.W.2d 123 (Tex.1996)…………………………………………………..36

*Nat'l. W. Life Ins. Co. v. Walters*,
    663 S.W.2d 125 (Tex.App.-Austin 1983, no writ)…………………………35

*Norton v. Martinez*,
    935 S.W.2d 898 (Tex.App. – San Antonio, 1996)………………………..33

*Pursley v. Jeffry*,
    2000 WL 19336 (Tex.App. – Amarillo, 2000) (not reported in S.W.3d)…29

*Sassen v. Tanglegrove Townhouse Condo. Ass'n*,
    877 S.W.2d 489 (Tex. App.—Texarkana 1994, writ denied)……………..29

*Schwarz v. StrausFrank Co.*,
    382 S.W.2d 176 (Tex. Civ. App.—San Antonio 1964, writ ref'd n.r.e.)…..30

*Sgitcovich v. Sgitcovich*,
    241 S.W.2d 142 (Tex. 1951)…………………………………………...20, 21

*Sharpe vs. Kilcoyne,*
    962 SW2d 697 (Tex.App. – Fort Worth 1998, no pet)…………………….21

*Spears v. Fourth Court of Appeals*,
    797 S.W.2d 654 (Tex.1990)……………………………………………36, 37

*Stary v. DeBord*,
    967 S.W.2d 352 (Tex.1998)…………………………………………………35

*In re Texas Windstorm, Inc. Ass'n.*,
    417 S.W.3d 119 (Tex.App. – Houston [1st Dist.] 2013)…………………...38

*Vaughan vs. Walther*,
    875 S.W.2d 690 (Tex. 1994)………………………………………………44

**Statutes and Secondary Sources:**

Texas Estates Code § 404.003………………………….....................9, 21, 22, 23

Black's Law Dictionary (9th Ed. 2009)…………………………………………...28

Restatement (Third) of Agency………………………………………………...30

Tex. Disciplinary R. Prof'l. Conduct R. 1.09(a)(2)……………………………….38

Tex. Disciplinary R. Prof'l. Conduct R. 1.09(a)(3)…………………………...37, 38

**Law Reviews:**

Mark R. Caldwell, Elliott E. Burdette, and Edward L. Rice, *Winning the Battle and the War: A Remedies-Centered Approach to Litigation Involving Durable Powers of Attorney*, 64 Baylor L. Rev. 435, 461-62 (2012)……………………..…...32

**References in Appellee's Brief:**

"C.R."—Trial Court's Clerk's Record

"1st Supp. C.R."—First Supplement to Trial Court's Clerk's Record

"N.T.R.R."—Trial Court's Reporter's Record from Motion for New Trial (trial court transcript)

"D.C.R.R."—Trial Court's Reporter's Record from Motion to Disqualify Opposing Counsel (trial court transcript)

IV.
**STATEMENT OF THE CASE/STATEMENT OF FACTS**

This is a case involving unlawful actions of Appellant through her abuse of authority as attorney-in-fact for Laverne "Toby" Smith ("Mr. Smith"), including self-dealing of his Estate.

On November 30, 2007, Mr. Smith executed a Statutory Durable Power of Attorney naming Appellant and/or Cindy Smith (who predeceased Mr. Smith) and/or Brigitte Smith, as his attorneys-in-fact. C.R. at 43 – 45. Upon Mr. Smith's death on November 9, 2012, it was discovered by Appellee that from 2007 until the date of Mr. Smith's death in 2012, Appellant, as attorney-in-fact, conveyed away, for little or no consideration, most, if not all, of the assets belonging to her father. C.R. at 29 – 36. Many of these assets were conveyed to herself, her family and family trusts. C.R. at 29 – 36. These conveyances were made to the detriment of Appellee and/or other beneficiaries under Mr. Smith's Will. C.R. at 4 – 6. In addition, Appellant took Mr. Smith's assets and/or monies and put them in her own bank account and spent them for herself, her children, her family or as she desired. Furthermore, when Mr. Smith died, Appellant was named as the Independent Executor of Mr. Smith's Estate. When Appellant filed the Inventory and Appraisement and List of Claims for the Estate of Mr. Smith, Appellee determined that property, assets, and receivables still in Mr. Smith's Estate or that should be in

1

the Estate, were omitted from the list of the inventory and, as such, the inventory Appellant filed was incomplete. C.R. at 22 – 24 & 29 – 36.

In order to determine the extent of Appellant's wrongdoing and to remedy Appellant's unlawful actions, Appellee filed suit against Appellant for damages as well as to remove Appellant as the Independent Executor of the Estate of Mr. Smith. C.R. at 29 – 36. To actually discover the full extent of Appellant's fraud, it was necessary for the Independent Executor of Mr. Smith's Estate to sue Appellant as Mr. Smith's attorney-in-fact for a full, valid and correct accounting with back up documentary proof of her transactions as attorney-in-fact and to recover those assets for the Estate as the Independent Executor (now the "principal") had the standing to do so. However, there was one problem—Appellant was the Independent Executor of the Estate of Mr. Smith. Obviously, so long as Appellant was Independent Executor, this would not happen.

On September 6, 2013, Appellee, filed her Original Petition to Remove Independent Executor and for Recovery of Damages for Breach of Fiduciary Duty of Independent Executor and Requests for Disclosure, Requests for Production, and Interrogatories ("Original Petition"). C.R. at 29 – 54. In her Original Petition, Appellee asserts that from 2007 until the date of Mr. Smith's death in 2012, Appellant, as Mr. Smith's attorney-in-fact, conveyed away, for no consideration, substantial assets belonging to Mr. Smith to herself and her children's trust, to the

2

detriment of Appellee and other beneficiaries under the alleged Will of Mr. Smith. C.R. at 29 – 36.

In addition, Appellant was the named Independent Executor of the purported Will of Mr. Smith which she sought the trial court to probate. C.R. at 7 - 9. However, the original Will was not probated, only a copy of the purported Will of Mr. Smith was probated. C.R. at 4 – 6. In order to probate the copy of the Will, Appellant alleged that the original Will was destroyed in a fire. 4 – 6. However, Appellant set forth no first-hand knowledge that the original Will was destroyed in a fire and therefore there is a question as to the validity of the Will. C.R. at 10 – 12. As such, Appellee has also brought an action to contest the validity of Laverne "Toby" Smith's purported Will.

Several months after Appellee filed her Original Petition and Appellant filed an Answer, on January 29, 2014, Appellee filed her Motion to Remove Sandra Dee Taylor (Appellant) as the Independent Executor of the Estate of Laverne "Toby" Smith and to appoint Jennifer Machacek as Successor Independent Executor ("Motion to Remove"). C.R. at 91 – 122. A hearing on Appellee's Motion to Remove was set for March 6, 2014 ("March 6th Hearing"). C.R. at 90. Appellee served Appellant with a copy of the Motion and notice of setting via U.S. First Class Mail, which was never returned to sender. In addition, Appellee attempted to serve Appellant with a copy of the Motion to Remove by Certified Mail, Return

3

Receipt Requested; however, Appellant would not sign for the mail or even go to the post office to claim her mail. C.R. at 173 & 178 -179. Moreover, the trial court also sent notice of the hearing to the Appellant by U.S. First Class Mail. C.R. at 90. Furthermore, Appellee retained the services of a private process server who attempted to personally serve Appellant, by hand delivery, at her home, located at 1509 Waverly, Houston, Texas 77008, (the address Appellant designated when she could be served by the trial court) on six different occasions: (1) February 10, 2014; (2) February 14, 2014; (3) February 15, 2014; (4) February 17, 2014; (5) February 18, 2014; and (6) February 19, 2014. C.R. 124 – 125. However, service was not accomplished by the process server. C.R. at 124 - 125.

Out of an abundance of caution and in order to insure Appellant could not claim she did not receive notice of the setting, Appellee filed a Motion for Substituted Service, pursuant to Texas Rules of Civil Procedure rule 106(B), on February 27, 2014. C.R. at 123 – 125. Then, on March 6, 2014, the date of the hearing on Appellee's Motion to Remove, Appellant did not appear. Appellee, as a precaution, passed the setting on the Motion to Remove and moved the trial court to grant her Motion for Substituted Service and reset the Motion to Remove. The trial court informed Appellee that it had already signed the Motion for Substituted Service on March 2, 2014, thus granting Appellee's Motion for Substituted Service of Appellant and reset the hearing on Appellee's Motion to Remove for March 24,

2014 ("March 24th Hearing").  C.R. at 126 & 134.  In accordance with the trial court's order for substituted service, Appellee affected service of Appellant by attaching a copy of Appellee's Motion to Remove and notice of setting to Appellant's door on March 14, 2014.  C.R. 124 & 136 & 1st Supp. C.R. at 36. Also, notice of setting with the time, place and date was posted on the public probate board at the Lavaca County Courthouse by the clerk of the court.  C.R. at 128.  Furthermore, Appellee also provided notice to Appellant at her designated home address by U.S. First Class Mail, which was never returned and Certified Mail, Return Receipt Requested, which went unclaimed.  C.R. at 174 & 188 - 190.

However, Appellant failed to appear, yet again, at the March 24th hearing. On March 24, 2014, the trial court proceeded to hear evidence on Appellee's Motion to Remove and, subsequently, removed Appellant as the Independent Executor of the Estate of Mr. Smith.  C.R. at 137 – 138.

Then, on April 21, 2014, Appellant filed a Motion for New Trial on Appellee's Motion for Removal in which she alleges that she did not receive sufficient notice of the hearing on said Motion.  In addition, Appellant, for the first time, filed a Motion to Disqualify Opposing Counsel Marcus F. Schwartz.  On May 20, 2014 the trial court denied Appellant's Motion for New Trial and Motion to Disqualify Opposing Counsel.  C.R. at 201-202.  Now, Appellant is appealing

5

the trial court's ruling on her Motion for New Trial and Motion to Disqualify Opposing Counsel.

## V.
## <u>STATEMENT OF THE ISSUES</u>

A. With regard to the trial court's denial of Appellant's Motion for New Trial of the trial court's Granting of Appellee's Motion to Remove:

  1. Did the trial court abuse its discretion in finding that Appellant had sufficient notice of the hearing on Appellee's Motion to Remove?

  2. Did the trial court abuse its discretion in removing Appellant as the Independent Executor of the Estate of Mr. Smith on its own Motion (without notice) pursuant to Section 404.003 of the Texas Estates Code due to Appellant's eluding of service and/or failure to keep the Court apprised as to where she could be served with documents relevant to the Estate?

  3. Alternatively, did the trial court abuse its discretion in finding Appellant's failure to appear at the hearing on Appellee's Motion to Remove was intentional or a result of Appellant acting with conscious indifference?

  4. Alternatively, did the trial court abuse its discretion in finding Appellant did not set forth a meritorious defense to Appellee's Motion to Remove?

  5. Alternatively, did the trial court abuse its discretion in finding that granting the Motion for New Trial would cause delay or injury to Appellee?

B. With regard to the trial court's denial of Appellant's Motion to Disqualify Opposing Counsel:

  1. Does this Honorable Court of Appeals have jurisdiction to hear Appellant's appeal from the trial court's interlocutory order denying Appellant's Motion to Disqualify Opposing Counsel?

  2. Alternatively, did the trial court abuse its discretion in finding that the matters of which Mr. Marcus F. Schwartz previously represented the Estate of Mr. Smith and his current representation of Appellee were not substantially related as to create a conflict?

7

3. Alternatively, did the trial court abuse its discretion in finding that Appellant has waived her right to disqualify Marcus F. Schwartz as counsel for Appellee by waiting too long to file the Motion to Disqualify?

# SUMMARY OF THE ARGUMENT

A.  *The Trial Court did not abuse its discretion in denying Appellant's Motion for New Trial*

The basis for Appellant's Motion for New Trial was that she, allegedly, never received notice of the setting on Appellee's Motion to Remove.  Despite her allegations, however, the trial court properly removed Appellant as Independent Executor of the Estate and did not abuse its discretion in denying Appellant's Motion for New Trial.

Upon hearing Appellant's Motion for New Trial, the trial court found that Appellant did receive actual notice of the setting of Appellee's Motion to Remove. In addition, the trial court found that Appellant received proper notice of Appellee's Motion to Remove through substituted service—which the trial court ordered.  Alternatively, the trial court found that Appellant was evading service of documents relevant to the Estate of Mr. Smith and, further, not keeping the trial court appraised of a proper location where she could be served.  As such, the trial court removed Appellant as the Independent Executor of the Estate of Mr. Smith on its own Motion, pursuant to Section 404.003 of the Texas Estates Code. In addition, alternatively the trial court found that Appellant's lack of notice was due to her acting with intentional disregard and conscious indifference to the notices that were attempting to be served on her by Appellee and the trial court itself and,

so denied Appellant's Motion for New Trial. Furthermore, in the alternative, the trial court found that Appellant did not have a meritorious defense to Appellee's Motion to Remove and that granting Appellant's Motion for New Trial would cause delay or injury to Appellee. In making any one of these findings, any one of which alone would be grounds to remove Appellant, the trial court did not abuse its discretion.

The trial court's record clearly establishes that Appellant was served with the original lawsuit (which included an action to remove Appellant as Executor of the Estate of Mr. Smith) and numerous discovery requests to Appellant. Appellant filed an Answer and apprised the trial court that her address was 1509 Waverly, Houston, Texas 77008. Then, some time later, after Appellant never responded to the discovery requests, Appellee filed a Motion to Remove. Appellee served Appellant with the Motion to Remove and notice of the setting. Specifically, Appellant was served with notice by U.S. First Class Mail sent to the address Appellant provided the trial court and Appellee – 1509 Waverly, Houston, Texas 77008. In addition, the trial court, itself, sent notice of the setting to Appellant. Also, Appellee attempted to serve Appellant by certified mail, return receipt requested. However, Appellant would not sign for the mail. Pursuant to United States Postal Service procedure, the postal service delivery person left written notification that a package requiring a signature was attempted to be delivered and

was now located at the post office for the recipient to pick up. On numerous occasions the postal authorities left Appellant written notification that certified mail, return receipt requested, was at the post office for her; yet, she never picked up the mail. It is important to note that U.S. First Class Mail, sent to the same address, was never returned. In addition, Appellee retained the services of a private process server to personally serve Appellant at the address she provided the trial court. The private process server made several attempts to personally serve Appellant, but was unsuccessful in locating Appellant.

The following were attempts made to serve Appellant: first, Appellee attempted to serve Appellant with a notice of setting for Appellee's Motion to Remove via U.S. First Class Mail, certified mail and those notices left by postal authorities; second, notice delivered by a private process server; third, the trial court's own service of the notice of setting; and, finally, service by U.S. First Class Mail. After all those attempts at service on Appellant, Appellee, out of an abundance of caution, postponed the original setting on the Motion to Remove and went to the trial court for assistance on how to proceed in order to make sure that Appellant in the future could not claim she did not have notice of the setting. It was at this time that the trial court reset Appellee's Motion to Remove for March 24, 2014 and ordered Appellant be served with a notice of setting of Appellee's Motion to Remove for March 24, 2014 by substituted service.

Appellee strictly complied with the trial court's order and served Appellant the Motion to Remove and notice of setting in a timely manner. Specifically, Appellee had a private process service attach a true copy of the Motion to Remove, along with notice of the setting, securely to the front door/entry way at 1509 Waverly, Houston, Texas 77008. In addition, notice of hearing with the time, place and date was posted on the public probate board at the Lavaca County Courthouse by the clerk of the court. Appellant was clearly served with proper notice as directed by an order of the trial court granting substitute service of Appellant. Additionally, contrary to Appellant's representation that she did not receive notice, the physical evidence of the citation itself, which the trial court has observed, shows that allegation and Appellant's affidavits were not truthful. The physical evidence showed the citation was delivered in a manner where it was obvious, by merely looking at it, that it was a court document. Furthermore, out of an abundance of caution, Appellee also served Appellant by U.S. First Class Mail, both certified and non-certified. Upon hearing Appellant's Motion for New Trial, the trial court found that Appellant has not provided sufficient evidence that she did not receive notice of the setting.

Alternatively, the trial court found that Appellant's failure to appear was intentional or due to her conscious indifference to the proceedings. In the alternative, the trial court found that Appellant had a material conflict with the

12

Estate of Mr. Smith and, as such, was not qualified to serve as Independent Executor. In a last alternative, the trial court found that granting Appellant's Motion for New Trial would cause delay or injury to Appellee. Based on the trial court's order removing Appellant and its order denying Appellant's Motion for New Trial, any one of these findings were sufficient grounds to deny Appellant's Motion for New Trial.

B.    *The trial court did not abuse its discretion in denying Appellant's Motion to Disqualify Opposing Counsel.*

To start with, it is Appellee's contention that this Honorable Court does not have the jurisdiction to hear Appellant's appeal from the trial court's interlocutory order denying Appellant's Motion to Disqualify Opposing Counsel, Marcus F. Schwartz. However, in the event this Honorable Court does find that it has jurisdiction over this issue, the trial court properly holds that the matters of which Mr. Schwartz previously represented the Estate of Mr. Smith and his current representation of Appellee are not substantially related as to create a conflict. Further, no confidential information relative to this suit was provided by Appellant, or anyone else on her behalf, to Mr. Schwartz. Additionally, the trial court found that Appellant has waived her right to disqualify Mr. Schwartz as counsel for Appellee by waiting too long to file her Motion to Disqualify. Either finding by the trial court was sufficient to deny Appellant's Motion. As such, the trial court

13

did not abuse its discretion in denying Appellant's Motion to Disqualify Opposing

Counsel.

## VII.
## <u>ARGUMENT</u>

**A.    *The trial court did not abuse its discretion in denying Appellant's Motion for New Trial***

1.    Standard of Review

A trial court's decision on a motion for new trial is reviewed for an abuse of discretion. *Munoz v. Rivera*, 225 S.W.3d 23, 26 (Tex.App. – El Paso, 2005); *Cliff v. Huggins*, 724 S.W.2d 778, 778 (Tex. 1987).  An abuse of discretion occurs only if the trial court acts without reference to any guiding rules or principles. *Ashworth v. Brzoska*, 274 S.W.3d 324, 329 (Tex.App. – Houston [14th Dist.] 2008); *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1996).  Here, the trial court (Judge Scanlan) was the sole judge of the credibility of the Appellant and her evidence.

When a party challenges the factual sufficiency of the evidence supporting an adverse finding on which it had the burden of proof, the Court of Appeals shall set aside the finding only if it is so contrary to the evidence as to be clearly wrong and unjust. *Kirkland v. Schaff*, 391 S.W.3d 649, 656 (Tex.App. – Dallas, 2013), citing *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (per curiam); *Figueroa v. Davis*, 318 S.W.3d 53, 59 (Tex.App.-Houston [1st Dist.] 2010, no pet.).  A Court of Appeals should not substitute its own judgment for that of the trier of fact and pass on the credibility of the witnesses. *Kirkland*,391 S.W.3d at 656, citing *Mar. Overseas Corp. v. Ellis*, 971 S.W.2d 402, 407 (Tex. 1998).  Based on the trial

15

court's order denying Appellant's Motion for New Trial, it is clear that the trial court (Judge Scanlan) did not believe the Appellant and/or her evidence. C.R. at 201 – 202.

2. Appellant had notice of the hearing on Appellee's Motion to Remove Appellant as the Independent Executor of the Estate of Mr. Smith

The trial court's record clearly establishes that Appellee served Appellant with the Motion to Remove and notice of the setting. Specifically, Appellant was served with notice by U.S. First Class Mail and, further, was constructively served by virtue of substituted service, as ordered by the trial court.

On January 29, 2014, Appellee filed her Motion to Remove. C.R. at 91 – 122. A hearing on Appellee's Motion to Remove was set for March 6, 2014. C.R. at 90. Appellee served Appellant with a copy of the Motion and notice of setting via U.S. First Class Mail, which was never returned to sender. C.R. at 173.

In addition, Appellee attempted to serve Appellant by Certified Mail, Return Receipt Requested; however, Appellant would not sign for the mail or even go to the post office to claim her mail. C.R. at 173. Pursuant to the rules and regulations of the U. S. Postal Service, if an addressee is not at the address listed on the mail at the time of delivery, the U.S. Post Office is required to leave a notice at the addressee's address informing the addressee that mail requiring his/her signature is waiting at the post office. Appellant produced no evidence that she did not receive

the post office notices. Moreover, the trial court also gave notice of the hearing to the Appellant. C.R. at 90.

Furthermore, Appellee retained the services of a private process server who attempted to personally serve Appellant, by hand delivery, at her home, located at 1509 Waverly, Houston, Texas 77008, (the address Appellant designated when she could be served by the trial court) on six different occasions: (1) February 10, 2014; (2) February 14, 2014; (3) February 15, 2014; (4) February 17, 2014; (5) February 18, 2014; and (6) February 19, 2014. C.R. at 124 – 125. However, Appellant again continuously dodged service.

Out of abundance of caution and in order to insure Appellant could not claim she did not receive notice of the setting (even though Appellee adamantly contends Appellant received sufficient notice), Appellee filed a Motion for Substituted Service, pursuant to Texas Rules of Civil Procedure rule 106(B), on February 27, 2014. C.R. at 123 – 125. Then, on March 6, 2014, the date of the hearing on Appellee's Motion to Remove, Appellant did not appear. Appellee, as a precaution, passed the setting on the Motion to Remove and requested the trial court grant its Motion for Substituted Service. The trial court informed Appellee that it had signed the order granting substituted service on March 2, 2014. C.R. at 126. The trial court then reset the hearing on Appellee's Motion to Remove for March 24, 2014 ("March 24th Hearing") and instructed Appellee to serve

17

Appellant in accordance with the order granting substituted service. C.R. at 134. In accordance with the trial court's order for substituted service, Appellee affected substituted service of Appellant by attaching a copy of Appellee's Motion to Remove and Notice of Hearing to Appellant's door on March 14, 2014. C.R. at 136. Furthermore, Appellee's counsel also provided notice to Appellant at her designated home address by U.S. First Class Mail, prepaid, which was never returned indicating that Appellant did in fact receive the notice. C.R. at 166 & 174.

It is also interesting to note from testimony at the hearing on Appellant's Motion for New Trial that Appellant's attorney, James Evans, was informing Appellant's family member of the status of the matter and the importance of Appellant's appearance. N.T.R.R. at pg 81, line 11 – pg 83, line 11 (the first hearing that Mr. Evans refers to in his testimony is the March 6th Hearing. Mr. Evans testified that he notified Appellant after she failed to appear at that hearing and explained to her what he believed was occurring in this case. He also testified that he had many conversations with her about this case around that time period.) How does Appellant now try to take the position she did not know what was going on when her own attorney at the time was telling her what was occurring?

Yet, in light of the actual service by U.S. First Class Mail and Substituted Service on Appellant and her own attorney telling her what was occurring,

Appellant choose not to appear, yet again, at the March 24th Hearing. On March 24, 2014, the trial court proceeded to hear evidence on Appellee's Motion to Remove and, subsequently, removed Appellant as the Independent Executor of the Estate of Mr. Smith. C.R. at 137 – 138.

Then, on April 21, 2014, Appellant filed her Motion for New Trial, alleging that service was ineffective and she was never made aware of either the March 6th Hearing nor the March 24th Hearing. On May 20, 2014, after an evidentiary hearing, the trial court denied Appellant's Motion for New Trial. C.R. at 201 – 202.

Based on the evidence presented at the hearing on Appellant's Motion for New Trial, the trial court found that Appellant received sufficient notice of setting of Appellee's Motion to Remove. Specifically, the trial court found that Appellee served the Motion to Remove and notice of the setting via U.S. First Class Mail. The Motion to Remove and notice of setting were never "returned to sender". In addition, Appellee strictly complied with the trial court's order for substituted service and served Appellant, in accordance with the trial court's order, in a timely manner. Appellee, through a private process server, affected substituted service of Appellant by attaching a copy of Appellee's Motion to Remove and notice of setting to Appellant's door, as ordered by the trial court. Contrary to Appellant's representation that she did not receive this pleading, the physical evidence of the

19

citation itself, which the trial court observed, shows that allegation and Appellant's affidavits were not truthful as the physical evidence showed the citation was rolled where it was obvious, by merely looking at the document, that it was, in fact, a court document being served. Also, notice of setting with the time, place and date was posted on the public probate board at the Lavaca County Courthouse by the clerk of the court.

Based on the trial court's order removing Appellant as Independent Executor of the Estate of Mr. Smith, it is clear that the trial court did not find Appellant's testimony about not receiving notice of the March 24th Hearing compelling. The trial court was the sole fact-finder at Appellant's Motion for New Trial. As fact-finder, the trial judge, Judge Scanlan, was the sole judge of the credibility of Appellant's testimony. He clearly questioned her credibility. The trial court found that Appellant set forth no credible evidence that she did not receive such Motion to Remove and notice of setting. As such, the trial court did not abuse its discretion in finding that Appellant received sufficient service on the setting of Appellee's Motion to Remove.

With regard to substituted service, the Supreme Court case of *Sgitcovich v. Sgitcovich* held that substituted or constructive service of process, if authorized by statute, may be had where it is impracticable or impossible to get actual personal service. The Supreme Court held that substitute service did not violate the "due

process" clause of the Federal Constitution and the trial court had jurisdiction to enter the personal judgment against the defendant. *Sgitcovich v. Sgitcovich*, 241 S.W.2d 142, 148 (Tex. 1951). Furthermore, the court held that constructive, if not actual, notice exists when a party refuses numerous properly addressed mailings that would have provided that party with notice of the setting and satisfies due process requirements. *Sharpe vs. Kilcoyne,* 962 SW2d 697, 700 (Tex.App. – Fort Worth 1998, no pet). This is exactly what the Appellant did here when certified correspondence was mailed to her. Appellant repeatedly intentionally ignored the notices left by the U.S. Postal Service (Form 3849 - notice of certified mail and where to obtain) at her residence even though she was aware a suit was pending against her. In accordance with the Texas Supreme Court and the Second Court of Appeals, the trial court's ordering of substituted service did not violate Appellant's due process rights and, as such, the trial court did not abuse its discretion in finding that Appellant was properly served with Appellee's Motion to Remove.

3. In the alternative, the trial court removed Appellant as the Independent Executor of the Estate of Mr. Smith pursuant to Section 404.003 of the Texas Estates Code.

A trial court has the ability to, on its own motion, remove the executor of an estate, without notice. *See* Tex. Estates Code § 404.003. At the March 24th hearing on Appellee's Motion to Remove, Appellee introduced evidence which established Appellant's removal as Independent Executor. The trial court heard

21

the evidence and found it sufficient to remove Appellant as Independent Executor. Based on the pleadings of the case, evidence submitted to the trial court, and the trial court's findings, the trial court, pursuant to Section 404.003 of the Texas Estates Code, had the power to remove Appellant as Independent Executor on its own motion without notice to Appellant.

Section 404. 003 of the Texas Estates Code states:

The probate court, on the court's own motion or on the motion of any interested person, and without notice, may remove an independent executor appointed under this subtitle when:
(1) the independent executor cannot be served with notice or other processes because:
   (A) the independent executor's whereabouts are unknown;
   (B) the independent executor is eluding service; or
   (C) the independent executor is a nonresident of this state without a designated resident agent; or
(2) sufficient grounds appear to support a belief that the independent executor has misapplied or embezzled, or is about to misapply or embezzle, all or part of the property committed to the independent executor's care.

TEX. ESTATES CODE § 404.003.

Here, the trial court could found that the Appellant was eluding service of documents relevant to the Estate. Appellant claims that she did not receive service of the setting of Appellee's Motion to Remove because she was not at the address in the Court's file or could not receive correspondence there. The address on file, with both the court and opposing counsel, for Appellant was, and still is, 1509 Waverly, Houston, Texas, 77008. It is Appellant's duty to advise the court clerk and opposing counsel, by written notice to the court clerk and counsel, stating that

22

1509 Waverly, Houston, Texas, 77008 was not her correct address for service, if such was the case. Clearly, the trial court and Appellee attempted to serve Appellant with documents relevant to the Estate of Mr. Smith on numerous occasions at the address on file. C.R. at 201 – 202. After the many, many attempts to serve her at the address she provided the trial court (C.R. at 172 – 191), the trial court had the ex-parte power of removal under Section 404.003 of the Estates Code. As such, the trial court exercised that power and removed Appellant as Independent Executor.

Due to Appellant's eluding of service and/or failure to keep the trial court apprised as to where she could be served with documents relevant to the Estate, the trial court, on its own motion and pursuant to Section 404.003 of the Texas Estates Code, removed Appellant as Independent Executor, and, as such, the trial court did not abuse its discretion in removing Appellant as the Independent Executor of the Estate of Mr. Smith.

4. In the alternative, Appellant's failure to appear at the hearing on Appellee's Motion to Remove was intentional and the result of conscious indifference.

Appellant's knowledge and conduct must be taken into consideration in determining whether her failure to appear was due to intentional disregard or conscious indifference. *Munoz*, 225 S.W.3d at 29. Conscious indifference is the failing to take some action which would seem obvious to a person of reasonable

23

sensibilities under the same circumstances. *Id.* Interestingly, the courts have held that the defendant was deemed to have constructive notice of the hearing after the defendant had engaged in instances of selective acceptance and refusal of certified mail, which the court ruled was evidence of purposeful effort to avoid service. *Gonzalez v. Surplus Ins. Servs.*, 863 S.W.2d 96, 102 (Tex.App. – Beaumont 1993, writ denied).

There is no dispute that the address of 1509 Waverly, Houston, Texas, 77008, was, and still is, the correct address of Appellant at all times relevant to this suit. In fact she represented in her answer that this was the correct address for service upon her. Further, Appellant never informed the court, the clerk of the court, or Appellant's counsel to the contrary. However, there is certainly a dispute as to the credibility of Appellant and her evidence as to whether she received service.

First of all, on October 16, 2013, Appellant did in fact receive service, via Certified Mail, Return Receipt Requested, at 1509 Waverly, Houston, Texas, 77008, of Plaintiff's Original Petition. C.R. at 172 & 176. This is further evidenced by Appellant filing an Answer. C.R. at 83 – 84. Then, Appellee's counsel served her Motion to Remove and notice of setting for March 2, 2014, on Appellant by U. S. First Class Mail at that same address. C.R. at 165 & 173. This notice was never returned. C.R. at 165 & 173. In addition, Appellee attempted to

serve Appellant by Certified Mail, Return Receipt Requested at the same address, which she refused to claim. C.R. at 165; 172 & 177 - 179. The numerous certified mail notices were returned as unclaimed. C.R. at 165; 172 & 177 – 179. What's more, it is clear that Appellant never went to the post office to claim the mail waiting for her, even though the post office left numerous notices at 1509 Waverly, Houston, Texas, 77008, informing Appellant that she had mail waiting for her at the post office which required her signature. C.R. 173 – 175. Appellee even retained the services of a private process server to personally serve Appellant. The private process server attempted to personally serve Appellant on six different occasions. C.R. at 124 – 125. In addition, the trial court itself sent notice of the March 6, 2014 setting to Appellant by U.S. First Class Mail, which the Appellant claims she never received. C.R. at 90.

When Appellant did not appear at the March 6th Hearing, as an additional precaution at the request of Appellee, the trial court ordered substituted service on Appellant for the March 24th Hearing. C.R. at 123 – 126. The Motion to Remove was served on Appellant by posting and securely affixing it to the main entry way of 1509 Waverly, Houston, Texas, 77008 on March 14, 2014. 1st Supp. C.R. at 36. Furthermore, Appellee also served Appellant with notice of the hearing via U.S. First Class Mail—which was never returned—and Certified Mail, Return Receipt Requested. C.R. at 173 – 174; 188 – 190. The Certified Mail was never claimed

by Appellant, even though the post office left notices of attempt to deliver. C.R. at 189 – 190. Appellee then also posted notice of the March 24th Hearing on the probate bulletin board at the Lavaca County Courthouse. On top of all the attempts of service, notice of both hearings, with the subject, place, time and date, were posted on the probate bulletin board at the Lavaca County Courthouse. C.R. at 166 & 174 – 175.

Despite the pattern of Appellant to duck service and then represent no knowledge of the hearings, Appellant claims she never received service on Appellee's Motion to Remove or notice of the March 6th Hearing. The trial court's record clearly establishes that Appellee's service by U.S. First Class Mail was never returned to sender. C.R. at 172 – 173. In addition, the trial court's record establishes that a private process server attempted personal service on Appellant six times. C.R. at 124 – 125. Furthermore, Appellee sent notice of the hearing to Appellant via Certified Mail, Return Receipt Requested to Appellant's address, 1509 Waverly, Houston, Texas, 77008. C.R. at 165 & 172 – 173. Yet, each time the post office could not get acknowledgment at the door. As such, pursuant to the U.S. Postal Service's rules and regulations, notice of the package was left for the addressee here, the Appellant, to claim the mail at the post office. C.R. at 180. There is no evidence that the postman's several notices to pick up mail at the post office were not at the usual place Appellant received mail. Obviously, Appellant

26

ignored these notices. In addition, the trial court sent Appellant's counsel notice of the hearing by U.S. First Class Mail. C.R. at 90.

Appellant further claims she never received the substituted service for the March 24th Hearing, her reason being that her housekeeper picked up the notice posted to Appellant's front door and put it away and forgot to inform Appellant of such as it did not appear important. Yet, the trial court saw the posted citation at the hearing and it was obvious it was an important court document merely by looking at it; the way the document was rolled showed on its outside face that it was, in fact, a citation. N.T.R.R. at pg 197, line 1 – pg 198, line 11. It seems odd that service was effective at the beginning of this lawsuit at 1509 Waverly, Houston, Texas, 77008, but when service on Appellant was attempted again, at the same address on several occasions, Appellant claims she no longer received them nor knew of the hearings.

Interestingly enough, the entire time Appellant claims to have not received service, her long-time family attorney was aware of the hearings and testified he was informing Appellant's mother of such. N.T.R.R. at pg 81, line 11 – pg 83, line 11. Taken together with the fact that she did indeed receive service of Appellee's Original Petition at her home, 1509 Waverly, Houston, Texas, 77008, Appellant's failure to appear at the hearing on Appellee's Motion to Remove was intentional or at the very least due to her own conscious indifference.

The trial court (Judge Scanlan) was the sole judge of the credibility of Appellant's testimony. He clearly questioned her credibility. Based on the trial court's order removing Appellant as Independent Executor of the Estate of Mr. Smith, it is clear that the trial court did not find Appellant's testimony about not receiving notice of the hearing on Appellee's Motion to Remove compelling. The trial court found that Appellant's alleged lack of receiving notice was untrue and/or due to her own effort to purposefully avoid service.

The trial court did not abuse its discretion in finding that Appellant's failure to appear was intentional or due to her conscious indifference.

5.     In the alternative, Appellant does not have a meritorious defense.

A meritorious defense is one that addresses the substance or essentials of a case rather than dilatory or technical objections. Black's Law Dictionary (9th Ed. 2009), defense. Under *Craddock*, a meritorious defense is one that might produce a different outcome or result when the case is tried again. *Jaco v. Rivera*, 278 S.W.3d 867, 873 (Tex.App. – Houston [14th Dist.] 2009); *Milestone Operating, Inc. v. ExxonMobil Corp.*, 2013 WL 4007817, 2 (Tex.App. – Houston [14th Dist.] 2013) (not reported in S.W.3d). To set up a meritorious defense, the defendant must allege facts which, in law, would constitute a defense to the cause of action asserted by the plaintiff and it must be supported by affidavits or other evidence proving prima facie that the defendant has such a meritorious defense. *Estate of*

28

*Pollock v. McMurry*, 585 S.W.2d 388, 392 (Tex.1993); *Pursley v. Jeffry*, 2000 WL 19336, 3 (Tex.App. – Amarillo, 2000) (not reported in S.W.3d).

Appellant does not have a meritorious defense. Appellee sought to remove Appellant as Independent Executor of the Estate of Mr. Smith because she was, and is, incapable of performing her fiduciary duties due to a material conflict of interest. C.R. at 129 – 135. Before his death, Mr. Smith appointed his daughter, Appellant, as one of his powers-of-attorney. While serving as her father's power-of-attorney, Appellant gave away many, many valuable acres of land to herself and homes to herself and her children's trust, in essence, stripping Mr. Smith's Estate of so many valuable assets. C.R. at 29 – 49 & 129 – 135. Normally, the principal has the right to demand an accounting from the attorney-in-fact under Estates Code Sections 151.101 and 151.104. However, in this case, the principal, Mr. Smith, is deceased and the right to an accounting has vested in the executor of the Estate of Mr. Smith, who is also the attorney-in-fact.

Under Texas law regarding with powers of attorney, an executed power of attorney creates an agency relationship as a matter of law. *Sassen v. Tanglegrove Townhouse Condo. Ass'n*, 877 S.W.2d 489, 492 (Tex. App.—Texarkana 1994, writ denied). An agent has a duty to act within the scope of the authority granted. RESTATEMENT (THIRD) OF AGENCY § 8.09 (2005). The scope of an attorney-in-fact's authority must be ascertained from the language of the power of attorney.

29

Generally, an agent's ability to bind his principal is limited to the scope of authority the principal grants. *Gaines v. Kelly*, 235 S.W.3d 179, 185 n.3 (Tex. 2007) (restating the "general rule that [a] principal will not be charged with liability to a third person for the acts of the agent outside the scope of his delegated authority"). Actions exceeding an attorney-in-fact's authority are voidable. *Morton v. Morris*, 66 S.W. 94, 98 (Tex. Civ. App.—San Antonio 1901, no writ) (holding deed void because attorney-in-fact under power of attorney exceeded the scope of his authority). Scope-of-authority issues are also important when determining whether the agent is personally liable for transactions he claims to perform with third parties. When an agent exceeds his authority under the agency agreement, he is personally liable. *Albright v. Lay*, 474 S.W.2d 287, 291 (Tex. Civ. App.—Corpus Christi 1971, no writ); see also *Schwarz v. StrausFrank Co.*, 382 S.W.2d 176, 178 (Tex. Civ. App.—San Antonio 1964, writ ref'd n.r.e.).

In addition, if the principal expects the agent to make gifts to himself, then in order to avoid the issue of self-dealing, the power of attorney must not only specifically authorize gifts, but must also specifically authorize gifts to the agent. *In re Estate of Miller*, 446 S.W.3d 445, 453 (Tex. App. 2014), reh'g overruled (Oct. 27, 2014); *Natho v. State*, No. 03-11-00498-CR, 2014 WL 538787 (Tex.App.—Austin 2014, pet. ref'd*); Cohen v. Hawkins,* No. 14–07–00043–CV, 2008 WL 1723234, at \*6 (Tex.App.-Houston [14th Dist.], 2008, pet. denied).

30

This Honorable Court of Appeals has held in *Musquiz v. Marroquin*, that a power of attorney is the sole measure of the agent's authority and must be strictly construed. *Musquiz v. Marroquin*, 124 S.W.2d 906, 911 (Tex.App. – Corpus Christi 2004, pet. denied) (citing *Gouldy v. Metcalf*, 75 Tex. 455, 12 S.W. 830, 831 (1889)); (authority conferred by power of attorney will be strictly construed to exclude exercise of any power not warranted by document's actual words or "as a necessary means of executing the authority with effect"). *Avis v. First Nat'l Bank*, 141 Tex. 489, 497, 174 S.W. 2d 255, 259 (1943); *Frost v. Erath Cattle Co.*, 81 Tex. 505, 17 S.W. 52, 54 (1891). In *Musquiz*, this Honorable Court further held that "the nature and extent of the authority granted must be ascertained from the instrument granting the power of attorney." *Musquiz*, 124 S.W.2d at 911 (citing *First Nat'l Bank v. Kinabrew*, 589 S.W. 2d 137, 145 (Tex. Civ. App. – Tyler 1979, writ ref'd n.r.e.).

In the case at bar, the instrument (power-of-attorney) did not authorize Appellant to make gifts. In addition, the instrument did not authorize Appellant to make gifts to herself, yet the trial court record indicates she did gift herself numerous tracts of real property belonging to Mr. Smith. C.R. at 43 – 45.

In Appellant's Brief, Appellant argues that she was authorized under Mr. Smith's power-of-attorney to make the subject transfers and that the transfers were made in accordance with Mr. Smith's historical pattern of giving. This is not a

31

meritorious defense. The power-of-attorney does not give her the power to give, much less to herself, period. Without such authority, she has no power to make them. The defenses she has raised would not affect the outcome regarding her removal as Independent Executor of the Estate of Mr. Smith. Furthermore, her alleged defense is irrelevant as the power must come from the power-of-attorney. She had none. C.R. at 44 – 46. She was removed as Independent Executor of the Estate of Mr. Smith because the trial court found that a material conflict existed. C.R. at 129 – 134 & 137 – 138. Appellant's defense that she was authorized to make the property transfers is without merit; furthermore it does not change the fact that Appellant would not, and will not, aggressively seek an accounting from herself nor would she bring a suit to recover the various assets of the Estate of Mr. Smith nor will she bring a cause of action for damages against herself or her children's trust for all of her self-dealing.

Appellant has not declared any of the illegal transactions to herself, which, based on review of the record, one can clearly tell that she did transact, nor has she declared void any of the unauthorized transactions or gifts to her mother or Appellant's children. Mark R. Caldwell, Elliott E. Burdette, and Edward L. Rice, *Winning the Battle and the War: A Remedies-Centered Approach to Litigation Involving Durable Powers of Attorney*, 64 Baylor L. Rev. 435, 461-62 (2012). Obviously, Appellant has not sought an accounting from herself nor has she

brought a suit to recover the various assets of the Estate of Mr. Smith or sue herself, as power-of-attorney, for damages due to her illegal action. As such, there is obviously a material conflict of interest. The trial court agreed with Appellee that such a conflict did exist and correctly removed Appellant as Independent Executor of the Estate of Mr. Smith.

Based on the foregoing, Appellant has failed to establish the second prong of the *Craddock* test. The trial court did not abuse its discretion in denying Appellant's Motion for New Trial and, as such, Appellant's appeal should be denied.

6.  In the alternative, the granting of Appellant's Motion for New Trial would cause delay or injury to Appellee.

Appellant must be able to show that the granting of her Motion for New Trial will not occasion a delay or otherwise work an injury to Appellee. See *Norton v. Martinez*, 935 S.W.2d 898 (Tex.App. – San Antonio, 1996); see also *Craddock v. Sunshine Bus Lines, Inc.*, 143 Tex. 388 (Tex.1939). Factors to consider in determining whether delay or injury will occur include: (1) whether the defendant has offered to reimburse the plaintiff for the costs involved and (2) whether the defendant is ready, willing, and able to go to trial. *Norton*, 935 S.W.2d; *Angelo v. Champion Restaurant Equip. Co.*, 713 S.W.2d 96 (Tex.1986).

Appellant has made no offer to reimburse Appellee for the costs in obtaining the trial court's order removing Appellant as Independent Executor of the Estate of

Mr. Smith. Moreover, it is not clear whether the Appellant is ready, willing, or able to go to trial. Appellee filed the Original Petition on September 3, 2013. The Original Petition included discovery propounded on Appellant. Appellant filed an answer, but never responded to discovery. Then, on January 29, 2014, Appellee filed the Motion to Remove. After Appellant failed to appear at two hearings set for Appellee's Motion to Remove, the trial court granted Appellee's motion and removed Appellant as Independent Executor of the Estate of Mr. Smith. Appellant then filed her Motion for New Trial on April 21, 2014, seven months after Appellee first filed the Original Petition. Granting Appellant's Motion for New Trial would most certainly cause delay and injury to Appellee. If this Court is to order a new trial, it would put the parties right back where they were two years ago. It will still be necessary for the Estate of Mr. Smith to sue Appellant and, as long as she is the Independent Executor of Mr. Smith's Estate, that will never happen. So, it will still be necessary for Appellant to be removed as Independent Executor of Mr. Smith's Estate. Starting all over again to end up right back where the case is at this point would most certainly cause a major delay and injury to Appellee.

***B.*** ***The trial court did not abuse its discretion in denying Appellant's Motion to Disqualify Opposing Counsel.***

    1.    The Appellate Court has no jurisdiction to hear an interlocutory order denying Appellant's Motion to Disqualify Marcus Schwartz.

Texas appellate courts only have jurisdiction to immediately consider appeals from interlocutory orders if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex.1998); see also *Douthit v. Wheeler*, 711 S.W.2d 671, 672 (Tex.App. 1986); *Hermida-Lara v. Rosas*, 2013 WL 5434678, 1 (Tex.App. – Houston [1st Dist.] 2013) (not reported in S.W.3d). An order denying a motion to disqualify an attorney in a civil proceeding is an interlocutory order. *Nat'l. W. Life Ins. Co. v. Walters,* 663 S.W.2d 125, 126 (Tex.App.-Austin 1983, no writ). There is no statute authorizing an appeal from an interlocutory order overruling a motion to disqualify an attorney. *Douthit*, 711 S.W.2d at 672; *Hermida-Lara*, 2013 WL at 1. Such an interlocutory order is subject to review by an appellate court only in the event of an appeal from a judgment after trial of the suit on its merits. *Nat'l. W. Life Ins.,* 663 S.W.2d at 126.

Appellant complains of the trial court's denial of the disqualification of Marcus Schwartz, one of Appellee's attorneys in this case, which is merely incident to the litigation still pending in the trial court and, thus, purely interlocutory. As such, at this time, this Honorable Court of Appeals has no

35

jurisdiction to hear Appellant's appeal as to the denial of her motion to disqualify Marcus F. Schwartz.

> 2. In the alternative, the trial court did not abuse its discretion in denying Appellant's Motion to Remove Opposing Counsel.

>> i. Standard of Review

A trial court's denial of a motion to disqualify an attorney is reviewed under an abuse of discretion standard. *National Medical Enterprises, Inc. v. Godbey*, 924 S.W.2d 123, 132 (Tex.1996); *Cimarron Agr., Ltd. v. Guitar Holding Co., L.P.*, 209 S.W.3d 197, 200 (Tex.App. – El Paso, 2006). The test for abuse of discretion is whether the trial court acted without reference to any guiding rule and principles or whether the act was arbitrary and unreasonable. *Cimarron Agr.*, 209 S.W.3d at 200-01; *Metropolitan Life Ins. Co. v. Syntek Finance Corp.*, 881 S.W.2d 319, 321 (Tex. 1994). The fact that the trial court may decide a matter within its discretion in a different manner than an Appellate Court in a similar circumstance does not demonstrate that an abuse of discretion has occurred. *Cimarron Agr.*, 209 S.W.3d at 201.

Disqualification is a severe remedy which can result in immediate harm by depriving a party of the right to have counsel of its choice. *Spears v. Fourth Court of Appeals*, 797 S.W.2d 654, 656 (Tex. 1990). Because disqualification is such a severe remedy, courts must adhere to exacting standards when considering motions to disqualify so that they are not used as a tactical device. *Spears*, 797 S.W.2d at

656. The Texas Supreme Court has held that it would not be practical to allow the rules of disciplinary procedure to dictate a complete bar to any representation of a former client. *NCNB Tex. Nat'l Bank v. Coker*, 765 S.W.2d 398, 399 (Tex. 1989). For that reason, the Texas rules of disciplinary procedure do not absolutely bar a lawyer from ever undertaking an engagement adverse to a former client. See *Spears*, 797 S.W.2d at 656.

Appellant, who is seeking to disqualify Mr. Schwartz, has the burden of proving that the disqualification is warranted. See *Spears*, 797 S.W.2d at 656. Rule 1.09(a)(3) of the Texas Disciplinary Rules of Professional Conduct prohibits a lawyer from representing an adverse party in the same or substantially related matter. Tex. Disciplinary R. Prof'l. Conduct R. 1.09(a)(3). Under Rule 1.09(a)(3), Appellant must prove: (1) the existence of a prior attorney-client relationship; (2) in which the factual matters involved were related to the facts in the pending litigation; and (3) a genuine threat that confidences revealed to his former counsel will be divulged to his present adversary. Tex. Disciplinary R. Prof'l. Conduct R. 1.09(a)(3); see also *In re Butler*, 987 S.W.2d 221, 224 (Tex.App. – Houston [14th Dist.] 1999). Further, to be entitled to disqualification under this Rule, Appellant must establish a preponderance of the facts indicating a substantial relation between the two representations. *NCNB*, 765 S.W.2d at 400. A superficial resemblance between issues is not enough to constitute a substantial relationship.

37

*J.K. & Susie L. Wadley Research Inst. & Blood Bank v. Morris*, 776 S.W.2d 271, 278 (Tex.App. – Dallas 1989).

While Rule 1.09(a)(2) of the Texas Disciplinary Rules of Professional Conduct can provide an independent basis for disqualification, its prohibition largely overlaps the prohibition in Rule 1.09(a)(3). *In Re Texas Windstorm, Inc. Ass'n.*, 417 S.W.3d 119, 139 (Tex.App. – Houston [1st Dist.] 2013). Rule 1.09(a)(2) prohibits representation adverse to a former client if the representation, in reasonable probability, will involve a violation of Rule 1.05 of the Texas Disciplinary Rules of Professional Conduct. Tex. Disciplinary R. Prof'l. Conduct R. 1.09(a)(2). Rule 1.05 provides for the protection of both privileged information and all information relating to a client or furnished by the client which was acquired by the attorney during the course, or by reason of, the representation of the client. Tex. Disciplinary R. Prof'l. Conduct R. 1.05. Before a trial court can disqualify an attorney under Rule 1.09(a)(2), the court must find reasonable probability that some aspect of Rule 1.05 will be violated. *In Re Hoar Constr., LLC*, 256 S.W.3d 790, 800 (Tex.App. – Houston [14th Dist.] 2008). Whether such a probability exists in any given case will be a question of fact. Tex. Disciplinary R. Prof'l. Conduct R. 1.09, cmt. 4. The trial court's factual determination may not be disturbed by mandamus review. See *Mendoza v. Eighth Court of Appeals*, 917 S.W.2d 787, 790 (Tex.1996).

## ii. The Matters Are Not Substantially Related

The issue here is whether the facts surrounding Mr. Schwartz's prior representation of Appellant are substantially related to the facts surrounding the pending litigation, in which Mr. Schwartz is representing Appellee. Appellant alleged that Mr. Schwartz had a conflict of interest because he represented her in litigation concerning an eminent domain action filed against a tract of land referred to by Appellant as being located in Lavaca County, 8613 Co. Rd. 1 in Hallettsville, Texas ("the Ranch"). Specifically, Appellant's only argument that Mr. Schwartz had a conflict was based wholly on the allegation that Appellee alleges Appellant wrongfully transferred a small percentage of ownership of the Ranch in breach of her fiduciary duties. Appellant goes on to claim that the facts present at the time of the alleged transfer of the interests in the Ranch bear directly to the earlier eminent domain proceeding related to the Ranch. However, the facts surrounding the former and present representation are not substantially related and bear nothing more than a "superficial resemblance." C.R. at 192 – 200. Furthermore, the record is clear that confidential information relative to title to the Ranch was never conveyed to Mr. Schwartz by either the Appellant or anyone on her behalf. C.R. at 192 – 200 & D.C.R.R. at pg 22, line 21 – pg 23, line 3; pg 24, lines 9 – 23; pg 45, line 6 – 23 and pg 52, lines 20 - 25.

Solely, as background, the representation in the former matter is detailed as follows: during 2011, Mr. Schwartz was asked by Mr. James Evans, a Lavaca County, Texas attorney, to negotiate a number of pipeline condemnation cases involving numerous landowners in Lavaca County, Texas. In the case involving the Ranch, the lands were being acquired by separate subsidiaries of Enterprise. C.R. at 192 – 200 & D.C.R.R. at pg 22, line 21 – pg 23, line 3; pg 24, lines 9 – 23; pg 45, line 6 – 23 and pg 52, lines 20 - 25. Mr. Schwartz did not represent Appellant when the condemnation proceeding was initiated on May 6, 2011. He was later associated with Mr. Evans, who represented the Appellant to assist in the negotiation of the financial aspect of the condemnation proceeding, i.e., the price Enterprise was going to pay per foot of pipe for condemning the land. C.R. at 192 – 200 & D.C.R.R. at pg 22, line 21 – pg 23, line 3; pg 24, lines 9 – 23; pg 45, line 6 – 23 and pg 52, lines 20 - 25. In fact, Mr. Schwartz was retained by several different lawyers for a large number of landowners only to negotiate a package deal with Enterprise.

During this negotiation process, Mr. Schwartz negotiated with Enterprise a price per foot, which was passed along to Mr. Evans, who had all the discussions with Appellant. C.R. at 192 – 200 & D.C.R.R. at pg 22, line 21 – pg 23, line 3; pg 24, lines 9 – 23; pg 45, line 6 – 23 and pg 52, lines 20 - 25. Mr. Evans was the contact on these matters, not Mr. Schwartz. In dealing with this matter, Mr.

40

Schwartz requested documents from Enterprise regarding pipeline issues. In addition, Mr. Schwartz sent offer letters to Enterprise in an attempt to resolve the matter. The final amended offer letter was then sent by Enterprise, which is jurisdictional and not privileged. Mr. Schwartz simply negotiated with Enterprise a price per foot, which was passed along to Mr. Evans, who had all the discussions with Appellant.

In addition, title was never an issue as Enterprise was not responsible for any title issues. Enterprise warranted that it did the title exam and filed the suit based upon courthouse title. C.R. at 192 – 200 & D.C.R.R. at pg 22, line 21 – pg 23, line 3; pg 24, lines 9 – 23; pg 45, line 6 – 23 and pg 52, lines 20 - 25. As such, title was of no consequence to Mr. Schwartz in the negotiations. The easements contain no warranty of title by the Appellant. There was no issue of title raised in that matter. C.R. at 192 – 200 & D.C.R.R. at pg 22, line 21 – pg 23, line 3; pg 24, lines 9 – 23; pg 45, line 6 – 23 and pg 52, lines 20 - 25.

The eminent domain procedure is not substantially related to the current action. In fact, the eminent domain procedure has no relationship whatsoever with this current action, except that both involve the Ranch to a degree—a very small degree at that. Appellee points out that the eminent domain procedure involved numerous tracts of land owned by numerous different landowners – it was an oil & gas pipeline condemnation case. To the contrast, the case at bar involves several

41

pieces of property throughout the State of Texas, several bank and investment accounts, personal loans, C.D.'s, Power-of-Attorney and validity of a Will. These two matters are clearly not substantially related. At most, there is nothing more than a superficial resemblance of the two.

In the eminent domain procedure, no Warranty of Title was ever given to the pipeline company. C.R. at 192 – 200 & D.C.R.R. at pg 22, line 21 – pg 23, line 3; pg 45, line 6 – 23 and pg 52, lines 20 - 25. As a result, title to the property was never an issue. C.R. at 192 – 200 & D.C.R.R. at pg 22, line 21 – pg 23, line 3; pg 24, lines 9 – 23; pg 45, line 6 – 23 and pg 52, lines 20 - 25. Appellant, nor any representative of Appellant or Mr. Smith, and Mr. Schwartz never had any discussion as to title of the Ranch. C.R. at 192 – 200 & D.C.R.R. at pg 45, line 6 – 23 and pg 52, lines 20 - 25. No confidential information regarding the Ranch was ever conveyed from Appellant or anyone on her behalf to Mr. Schwartz. C.R. at 192 – 200 & D.C.R.R. at pg 45, line 6 – 23 and pg 52, lines 20 - 25.

Further, there was no issue involving the Will Mr. Smith. There was no issue of whether consideration was paid by Appellant to Mr. Smith for any ownership for the transfer of title to the Ranch in that matter. C.R. at 192 – 200 & D.C.R.R. at pg 22, line 21 – pg 23, line 3; pg 24, lines 9 – 23; pg 45, line 6 – 23 and pg 52, lines 20 - 25. There was no discussion between Mr. Schwartz and Appellant, or anyone on Appellant's behalf, as to the circumstance on how title

42

might have been acquired. It was simply not an issue. No confidential information as to title was ever passed to Mr. Schwartz by Appellant, or anyone on her behalf. C.R. at 192 – 200 & D.C.R.R. at pg 22, line 21 – pg 23, line 3; pg 24, lines 9 – 23; pg 45, line 6 – 23 and pg 52, lines 20 - 25.

The pipeline condemnation matter is not substantially related to this litigation. There was no issue with regards to the method of acquisition of title or consideration of the circumstances of title acquisition or consideration paid for same in that case. In addition, the trial court's record in the current case is clear from the testimony of James Evans, Appellant's attorney, that no confidential information was shared with Mr. Schwartz. D.C.R.R. at pg 22, line 21 – pg 23, line 3 and pg 24, lines 9 – 23. Mr. Schwartz also so indicated. D.C.R.R. at pg 45, line 6 – 23 and pg 52, lines 20 - 25. As such, the trial court did not abuse its discretion in denying Appellant's Motion to Disqualify Opposing Counsel.

### iii. Appellant Has Waived Her right to Disqualify Counsel.

Appellant has waived her right to disqualify counsel. Moreover, the Appellant's Motion to Disqualify was not timely made. A party that fails to seek disqualification timely waives the complaint. *HECI Exploration vs. Clayton Gas Co.*, 843 S.W.2d 622 at 628-629 (Tex.Civ.App – Austin 1992, writ den'd); *Gut vs. Thester Court of Appeals*; 888 S.W.2d 466 (Tex. 1994); *Enstar Petroleum Co. vs. Mancias*, 773 S.W.2d 662 at 664 (Tex.App. – San Antonio, 1989, orig.

43

proceeding) (delay of 4 months). Here, Appellant's Motion to Disqualify was filed April 29, 2014 more than 6½ months after the lawsuit was filed on October 4, 2013 and, therefore, untimely as waived. C.R. at 160 – 163. In accordance with, *Vaughan vs. Walther*, a Texas Supreme Court decision, a delay of 6½ months constitutes a waiver. *Vaughan vs. Walther*, 875 S.W.2d 690 (Tex. 1994). Clearly, Appellant has waived her right to bring a Motion to Disqualify Opposing Counsel and, as such, the trial court did not abuse its discretion in denying Appellant's Motion to Disqualify Opposing Counsel.

## VIII.
## **PRAYER**

Appellee respectfully requests this Honorable Court of Appeals deny the relief requested by Appellant, to affirm the trial court's judgment, and to award Appellee all other relief to which she is justly entitled.

Respectfully submitted by:

By:        /s/ Casey T. Cullen
              Casey T. Cullen
              State Bar No. 24073121
              Ann LaMantia Cullen
              State Bar No. 24078818
              CULLEN, CARSNER, SEERDEN &
              CULLEN, L.L.P.
              119 South Main Street (77901)
              P. O. Box 2938
              Victoria, Texas  77902
              Tel:  (361) 573-6318
              Fax:  (361) 573-2603

              and

              SCHWARTZ & SCHWARTZ
              Marcus F. Schwartz
              State Bar No. 17867800
              P. O. Box 385
              Hallettsville, Texas  77964
              Tel:  (361) 798-3668
              Fax:  (361) 798-3660

              ATTORNEYS FOR APPELLEE

## IX.
## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the undersigned certifies that this Brief complies with the length limitations of Rule 9.4(i) and the typeface requirements of 9.4(e).

1.     Exclusive of the contents excluded by Rule 9.4(i)(1), this Brief contains 8,700 words as counted by the Word Count function of Microsoft Office Word 2003.

2.     This Brief has been prepared in proportionally spaced typeface using:

Software Name and Version: Microsoft Word 2003
Typeface Name: Times New Roman
Font Size: 14 point

/s/ Casey T. Cullen
Casey T. Cullen

## X.
## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel for Appellee hereby certifies that a true and correct copy of Appellee's Brief is served by e-service through efile.txcourts.gov and email on all parties to this appeal on this 7th day of January, 2015.

/s/ Casey T. Cullen
Casey T. Cullen